# EXHIBIT A

| 115TH CONGRESS<br>1st Session | HOUSE OF REPRESENTATIVES | REPORT<br>115–130 |
|---|---|---|

# BANKRUPTCY JUDGESHIP ACT OF 2017

MAY 17, 2017.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Mr. GOODLATTE, from the Committee on the Judiciary, submitted the following

# REPORT

[To accompany H.R. 2266]

The Committee on the Judiciary, to whom was referred the bill (H.R. 2266) to amend title 28 of the United States Code to authorize the appointment of additional bankruptcy judges; and for other purposes, having considered the same, reports favorably thereon with an amendment and recommends that the bill as amended do pass.

CONTENTS

|  | Page |
|---|---|
| The Amendment | 1 |
| Purpose and Summary | 3 |
| Background and Need for the Legislation | 4 |
| Hearings | 8 |
| Committee Consideration | 8 |
| Committee Votes | 8 |
| Committee Oversight Findings | 8 |
| New Budget Authority and Tax Expenditures | 8 |
| Committee Cost Estimate | 9 |
| Duplication of Federal Programs | 9 |
| Disclosure of Directed Rule Makings | 9 |
| Performance Goals and Objectives | 9 |
| Advisory on Earmarks | 9 |
| Section-by-Section Analysis | 9 |
| Changes in Existing Law Made by the Bill, as Reported | 10 |

## The Amendment

The amendment is as follows:
Strike all after the enacting clause and insert the following:

**SECTION 1. SHORT TITLE.**

This Act may be cited as the "Bankruptcy Judgeship Act of 2017".

69–006

2

SEC. 2. CONVERSION OF THE TEMPORARY OFFICE OF BANKRUPTCY JUDGE TO THE PERMANENT OFFICE OF BANKRUPTCY JUDGE IN CERTAIN JUDICIAL DISTRICTS.

(a) DISTRICT OF DELAWARE.—

(1) The temporary office of 4 bankruptcy judges authorized for the district of Delaware by section 1223(b)(1)(C) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(C) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(1) of this Act, and may be filled.

(2) The temporary office of bankruptcy judge authorized for the district of Delaware by section 3(a)(3) of Public Law 102–361 (106 Stat. 966; 28 U.S.C. 152 note), and extended by section 1223(c)(1) of Public Law 109–8 (119 Stat. 198; 28 U.S.C. 152 note) and section 2(b)(1) of Public Law 112–121 (126 Stat. 347; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(1) of this Act, and may be filled.

(b) SOUTHERN DISTRICT OF FLORIDA.—The temporary office of 2 bankruptcy judges authorized for the southern district of Florida by section 1223(b)(1)(D) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(D) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(3) of this Act, and may be filled.

(c) DISTRICT OF MARYLAND.—The temporary office of 1 bankruptcy judge first appointed as authorized for the district of Maryland by section 1223(b)(1)(F) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(F) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(4) of this Act, and may be filled.

(d) EASTERN DISTRICT OF MICHIGAN.—The temporary office of bankruptcy judge authorized for the eastern district of Michigan by section 1223(b)(1)(G) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(G) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(5) of this Act, and may be filled.

(e) DISTRICT OF NEVADA.—The temporary office of bankruptcy judge authorized for the district of Nevada by section 1223(b)(1)(T) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(Q) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(6) of this Act, and may be filled.

(f) EASTERN DISTRICT OF NORTH CAROLINA.—The temporary office of bankruptcy judge authorized for the eastern district of North Carolina by section 1223(b)(1)(M) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(J) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(7) of this Act, and may be filled.

(g) DISTRICT OF PUERTO RICO.—

(1) The temporary office of bankruptcy judge authorized for the district of Puerto Rico by section 1223(b)(1)(P) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(M) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and represented in the amendment made by section 3(8) of this Act, and may be filled.

(2) The temporary office of bankruptcy judge authorized for the district of Puerto Rico by section 3(a)(7) of Public Law 102–361 (106 Stat. 966; 28 U.S.C. 152 note), and extended by section 1223(c)(1) of Public Law 109–8 (119 Stat. 198; 28 U.S.C. 152 note) and section 2(b)(1) of Public Law 112–121 (126 Stat. 347; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and is represented in the amendment made by section 3(8) of this Act, and may be filled.

(h) EASTERN DISTRICT OF VIRGINIA.—The temporary office of bankruptcy judge authorized for the eastern district of Virginia by section 1223(b)(1)(R) of Public Law 109–8 (119 Stat. 197; 28 U.S.C. 152 note), and extended by section 2(a)(1)(P) of Public Law 112–121 (126 Stat. 346; 28 U.S.C. 152 note), is converted hereby to the permanent office of bankruptcy judge and is represented in the amendment made by section 3(9) of this Act, and may be filled.

SEC. 3. PERMANENT OFFICE OF BANKRUPTCY JUDGE AUTHORIZED.

To reflect the conversion of the temporary office of bankruptcy judge to the permanent office of bankruptcy judge made by the operation of section 2, and to authorize

the appointment of additional bankruptcy judges, section 152(a)(2) of title 28 of the United States Code is amended—

    (1) in the item relating to the district of Delaware by striking "1" and inserting "8",
    (2) in the item relating to the middle district of Florida by striking "8" and inserting "9",
    (3) in the item relating to the southern district of Florida by striking "5" and inserting "7",
    (4) in the item relating to the district of Maryland by striking "4" and inserting "5",
    (5) in the item relating to the eastern district of Michigan by striking "4" and inserting "6",
    (6) in the item relating to the district of Nevada by striking "3" and inserting "4",
    (7) in the item relating to the eastern district of North Carolina by striking "2" and inserting "3",
    (8) in the item relating to the district of Puerto Rico by striking "2" and inserting "4", and
    (9) in the item relating to the eastern district of Virginia by striking "5" and inserting "6".

**SEC. 4. BANKRUPTCY FEES.**

(a) AMENDMENTS TO TITLE 28 OF THE UNITED STATES CODE.—Section 1930(a)(6) of title 28 of the United States Code is amended—

    (1) by striking "(6) In" and inserting "(6)(A) Except as provided in subparagraph (B), in", and
    (2) by adding at the end the following:
    "(B) In any fiscal year, the quarterly fee payable for a quarter in which disbursements equal or exceed $1,000,000 shall be 1 percent of such disbursements or $250,000, whichever is less, unless the balance in the United States Trustee System Fund as of September 30 immediately preceding such fiscal year exceeds $200,000,000.".

(b) DEPOSITS OF CERTAIN FEES FOR FISCAL YEARS 2018 THROUGH 2022.—Notwithstanding section 589a(b) of title 28 of the United States Code, for each of the fiscal years 2018 through 2022—

    (1) 97.5 percent of the fees collected under section 1930(a)(6) of such title shall be deposited as offsetting collections to the appropriation "United States Trustee System Fund", to remain available until expended, and
    (2) 2.5 percent of the fees collected under section 1930(a)(6) of such title shall be deposited in the general fund of the Treasury.

(c) EFFECTIVE DATE; APPLICATION AMENDMENTS.—

    (1) EFFECTIVE DATE.—Except as provided in paragraph (2), this section shall take effect on July 1, 2017, or on the date of the enactment of this Act, whichever is later.
    (2) APPLICATION OF AMENDMENTS.—The amendments made by this section shall apply to quarterly fees payable under section 1930(a)(6) of title 28 of the United States Code, as amended by this section, for disbursements made in any calendar quarter that begins on or after the effective date of the amendments made by this section.

## Purpose and Summary

H.R. 2266, the "Bankruptcy Judgeship Act of 2017," as amended, converts 14 temporary bankruptcy judgeships to permanent status and authorizes four new bankruptcy judgeships for certain federal judicial districts listed in the bill. Temporary bankruptcy judgeships were authorized for these districts by Pub. L. Nos. 102–361 and 109–8. The lapse date for certain of these judgeships was extended by Pub. L. No. 109–8 and further extended by Pub. L. No. 112–121. All 14 of the temporary judgeships converted under this bill are scheduled to lapse on May 25, 2017. Additionally, the Bankruptcy Judgeship Act provides for an increase in the U.S. Trustee's Quarterly Fees for large chapter 11 cases.

4

## Background and Need for the Legislation

### A. BRIEF OVERVIEW OF TEMPORARY BANKRUPTCY JUDGESHIPS

The United States bankruptcy court is a court of limited jurisdiction established pursuant to Article I of the Constitution.[1] The bankruptcy court is constituted to be a "unit" of the United States district court,[2] which is established under Article III of the Constitution.[3] Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984,[4] bankruptcy judges are judicial officers of the United States district court.[5] In contrast to Article III judges (who are nominated by the President and confirmed by the Senate to life-tenured appointment),[6] bankruptcy judges are appointed for 14-year terms by the United States court of appeals for the applicable circuit, with eligibility for reappointment.[7]

Congress authorizes the number of bankruptcy judgeships.[8] In 1992, Congress authorized the first 10 temporary bankruptcy judgeships.[9] In 2005, 28 additional temporary bankruptcy judgeships were created and four of the 1992 temporary bankruptcy judgeships were extended, under the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA).[10] Congress provided that, at the expiration of the five years, the additional judgeships would be lost following the first vacancies thereafter, bringing the districts back to their prior judgeship levels. After the lapse of these positions, new legislation would be necessary to create any new judgeship positions. As discussed in more detail below, filings have stayed fairly consistent and these temporary judgeships have required further extensions over the past several years.[11] Despite these extensions, certain of the temporary bankruptcy judgeships have expired prior to Congressional action, including one temporary judgeship in the Southern District of New York.

There are presently 29 temporary bankruptcy judgeships scheduled to lapse on May 25, 2017.[12] These temporary judgeships comprise more than eight percent of the current bankruptcy judgeships nationwide. A judge sitting in a temporary position can sit in that district to fulfill his or her term after May 25, 2017, and can seek reappointment. However, if any sitting judge in that district retires, dies, resigns, or becomes disabled after May 25, 2017, the temporary position lapses, permanently reducing the number of judgeships in that district.

### B. JUDICIAL CONFERENCE RECOMMENDATIONS

Congressional authorization of bankruptcy judgeships is typically premised on recommendations required to be made, from time to

---

[1] U.S. CONST., art. I, § 8, cl. 4.
[2] 28 U.S.C. § 151.
[3] U.S. CONST., art. III, § 1.
[4] Pub. L. No. 98–353, 98 Stat. 333 (1984).
[5] 28 U.S.C. § 151.
[6] U.S. CONST., art. II, § 2, cl. 2.
[7] 28 U.S.C. § 152(a)(1).
[8] 28 U.S.C. § 152.
[9] Pub. L. No. 102–361, 106 Stat. 965 (1992).
[10] See Pub. L. No. 109–8, 119 Stat. 23 (2005).
[11] See generally Judicial Conference of the United States, 2017 Bankruptcy Judgeship Recommendations (on file with Committee).
[12] See Pub. L. No. 112-121, 126 Stat. 349 (2012).

5

time, by the Judicial Conference of the United States,[13] the principal policymaking body concerned with the administration of the federal judiciary.[14] On April 3, 2017, the Judicial Conference made its most recent recommendation for bankruptcy judgeship needs.[15] The recommendation is for the conversion of 14 temporary judgeships to permanent status and the authorization of four new bankruptcy judgeships.[16] The 14 judgeship conversions include the following: five for the District of Delaware; two for the Southern District of Florida; one for the District of Maryland; one for the Eastern District of Michigan; one for the District of Nevada; one for the Eastern District of North Carolina; two for the District of Puerto Rico; and one for the Eastern District of Virginia. The four additional permanent bankruptcy judgeships include the following: two for the District of Delaware; one for the Eastern District of Michigan; and one for the Middle District of Florida.

The Judicial Conference's recommendation to Congress concerning the need for bankruptcy judgeships is the product of a multi-step process. First, a bankruptcy court submits a request for additional bankruptcy judgeships to the district court, which transmits the request to the circuit court. Then, the circuit's judicial council considers the request and either approves it, with or without modification, or disapproves it. Approved requests are then sent to the Judicial Conference's Bankruptcy Committee's Subcommittee on Judgeships for consideration. The Subcommittee reviews the circuit court's recommendation, conducts on-site evaluations of judicial needs, and makes a recommendation to the full Bankruptcy Committee. The Bankruptcy Committee reviews the Subcommittee's findings and makes a recommendation to the full Judicial Conference. Upon final approval, the recommendation is then transmitted by the Judicial Conference to Congress in a biennial report.

It is the practice of the Judicial Conference to use a "weighted case filing" method to determine judicial needs. This method assigns a case weight to each new case filed based on its complexity, the number of parties involved, and other data relevant to assessing how the case will affect judicial workload. It should be noted that the Judicial Conference's policy is to consider additional judgeships only for those courts that request them. Thus, if a district's weighted caseload would support requesting another judgeship but the district does not submit a request, the Judicial Conference will not recommend to Congress that the judgeship be created. Additionally, if a vacancy arises that could be filled under the authorizing statute, but the Judicial Conference determines the need is not sufficient to fill that position or an alternative approach is available, the Conference does not recommend to Congress that it be filled.

---

[13] 28 U.S.C. § 152(b) (2). In addition, the Judicial Conference must biennially conduct a "comprehensive review" of all judicial districts for the purpose of assessing the "continuing need" for authorized bankruptcy judges as well as for the elimination of any authorized position when a vacancy occurs as a result of a judge's resignation, retirement, removal, or death. 28 U.S.C. § 152(b) (3). For example, a bankruptcy judge may be removed for incompetence, misconduct, neglect of duty or physical or mental disability. 28 U.S.C. § 152(e).
[14] *See generally* 28 U.S.C. § 331.
[15] Letter from James C. Duff, Secretary, Judicial Conference of the United States, to Chairman Bob Goodlatte, H. Comm. on the Judiciary (Apr. 3, 2017) (on file with Committee).
[16] *Judicial Conference of the United States, 2017 Bankruptcy Judgeship Recommendations* (on file with Committee).

6

Although bankruptcy filings nationwide have been declining in recent years, the districts included in the Conference's recommendation generally have experienced a sustained increase in filings.[17] Indeed, since the enactment of BAPCPA, the last time additional judgeship resources were authorized for most of the courts included in the Conference's recommendation, these districts have seen weighted filings increase by more than 55 percent.[18] These temporary judgeships have existed for at least 12 years and the need does not show signs of abating. Moreover, the Judicial Conference has demonstrated that, while a district may have a permanent judgeship, it will not be filled unless completely necessary. There are currently eight vacancies which the Judicial Conference has not sought to be filled and another 12 judgeships which may not be filled once a vacancy arises.

### C. LEGISLATIVE HISTORY

The Bankruptcy Judgeship Act of 2017 is very similar to a bill introduced during the 111th Congress by then Judiciary Chairman Lamar Smith (R–TX), Judiciary Ranking Member John Conyers, Jr. (D–MI) and Rep. Steve Cohen (D–TN), which would have authorized new permanent judgeships, converted some temporary judgeships to permanent status, and extended some temporary judgeships.[19]

When a majority of the temporary judgeships were first created, they were paid for through an increase in chapter 11 filing fees.[20] However, through a unique interpretation by the Congressional Budget Office, the funding from the fee increases was not able to be used to offset the conversion or further extension of the temporary judgeships once they hit their initial expiration date.[21] As such, when the temporary judgeships were set to expire in 2011, a similar funding issue arose. To offset the cost, H.R. 4506 increased filing fees in chapter 7 and 13 bankruptcy cases by one dollar and in chapter 11 cases by $42.[22] The bill passed the House by a vote of 345–5. The Senate did not vote on the bill.

During the 112th Congress, Reps. Smith, Conyers and Cohen introduced a scaled back bill which did not create any new judgeships or convert any temporary judgeships, but extended the existing temporary judgeships for an additional five years.[23] The extension was paid for once again by increasing the filing fees in chapter 11 cases by $167.[24] The bill passed the House under suspension of the rules by voice vote, passed the Senate by unanimous consent, and was signed into law.[25]

In addition, the Judicial Conference previously requested consideration of a one-year extension of seven judgeships in the Fiscal Year 2017 appropriations bill. The Judicial Conference identified

---

[17] Letter from James C. Duff, Secretary, Judicial Conference of the United States, to Chairman Bob Goodlatte, H. Comm. on the Judiciary (Apr. 3, 2017) (on file with Committee).
[18] *Id.*
[19] H.R. 4506, (111th Congress).
[20] *See* Pub. L. No. 109–8, 119 Stat. 23 (2005).
[21] CBO's reasoning is based on the fact that the fee increases were permanent but the judgeships were temporary. They focus on what the law is at the time of the request. Because the current law includes the permanent fee increase, it cannot be used to pay for the conversions.
[22] H.R. 4506, 111th Congress.
[23] H.R. 1021, 112th Congress.
[24] *Id.*
[25] Pub. L. No. 112–121, 126 Stat. 349 (2012).

districts that combine high caseloads with even higher likelihood of judicial vacancies soon after the lapse date. This group included two positions in the District of Delaware, two in the Southern District of Florida, one in the Eastern District of Virginia, one in the Eastern District of Michigan and one in the District of Puerto Rico. This request was made again in the Fiscal Year 2018 appropriations bill, for the same judgeships, but with a corresponding two-year extension.

### D. INCREASE IN QUARTERLY U.S. TRUSTEE FEES

Historically, the U.S. Trustee Program has been funded by fees collected in bankruptcy cases.[26] However, the manner in which the fees are routed to the U.S. Trustee Program is a bit circuitous. Simply, the U.S. Trustee Program gets appropriated funds every year. Those appropriated funds are offset by past fees collected through bankruptcy cases that are deposited into a fund at Treasury. Most years, the fees collected exceed the appropriated funds. However, in recent years, due to overall declining bankruptcy filings nationwide, the appropriations have exceeded the fees collected and the surplus created by years past has been dwindling. However, as mentioned previously, the districts included in the Conference's recommendation generally have experienced a sustained increase in filings. In response, over the past couple of years the U.S. Trustee has proposed to increase one of the fees collected in chapter 11 bankruptcy cases that is collected quarterly and corresponds with the size of the company in bankruptcy. More recently, this type of fee increase was included in the President's "skinny" budget.[27]

### E. THE BANKRUPTCY JUDGESHIP ACT

In the 115th Congress, Judiciary Ranking Member Conyers and Senator Chris Coons (D–DE) introduced companion bills that sought to implement the then-current recommendation of the Judicial Conference for 16 conversions and 6 new authorizations.[28] Importantly, the bills did not include an offset for the judgeships.

On May 1, 2017, Mr. Conyers, Judiciary Chairman Bob Goodlatte (R–VA), Tom Marino (R–PA), and David N. Cicilline (D–RI), introduced a new version of the Bankruptcy Judgeship Act that contained the following changes: (a) alignment of the bill with the Judicial Conference's latest recommendation of 14 conversions and four new appointments, which the committee believe to be a sound recommendation; and, (b) inclusion of an increase in the quarterly U.S. Trustee fees for large chapter 11 cases to serve as a funding offset for the cost of the judgeships. The affected districts, number of judgeship conversions, and new appointments under H.R. 2266 are as follows:

---

[26] 28 U.S.C. 589a. Approximately 38 percent of the Program's revenue is derived from filing fees paid in chapters 7, 11, 12, and 13 cases while about 61 percent comes from quarterly fees in chapter 11 cases.
[27] *See* America First, A Budget Blueprint to Make America Great Again, Office of Management and Budget, at 30, *available at* https://www.whitehouse.gov/sites/whitehouse.gov/files/omb/budget/fy2018/2018_blueprint.pdf
[28] *See* H.R. 136, 115th Cong.; S. 632, 115th Cong.

8

| Judicial District | Judgeships Converted | New Judgeship Authorization |
|---|---|---|
| District of Puerto Rico | 2 | |
| District of Delaware | 5 | 2 |
| District of Maryland | 1 | |
| Eastern District of North Carolina | 1 | |
| Eastern District of Virginia | 1 | |
| Eastern District of Michigan | 1 | 1 |
| District of Nevada | 1 | |
| Middle District of Florida | | 1 |
| Southern District of Florida | 2 | |

The Bankruptcy Judgeship Act of 2017 also provides for an increase in the U.S. Trustee fees for the largest chapter 11 debtors (i.e., excluding small businesses). The fee increase is directly tied to the balance of the United States Trustee System Fund and will only be applied when the balance of the fund falls below a $200 million threshold. The funds generated by the fee increase will cover both the costs of this bill and separately needed funds for the operations of the U.S. Trustee Program.

### Hearings

The Committee on the Judiciary held no hearings on H.R. 2266.

### Committee Consideration

On May 3, 2017, the Committee met in open session to consider the bill H.R. 2266. Ranking Member Conyers offered an amendment to correct certain typographical errors, clarify that notwithstanding an intervening vacancy in an authorized judgeship, the position can nevertheless be filled, and ensure the U.S. Trustee fee increase will offset the cost of the new and converted judgeships. Mr. Conyers' amendment was agreed to by voice vote and H.R. 2266 was favorably reported, by voice vote, a quorum being present.

### Committee Votes

In compliance with clause 3(b) of rule XIII of the Rules of the House of Representatives, the Committee advises that there were no recorded votes during the Committee's consideration of H.R. 2266.

### Committee Oversight Findings

In compliance with clause 3(c)(1) of rule XIII of the Rules of the House of Representatives, the Committee advises that the findings and recommendations of the Committee, based on oversight activities under clause 2(b)(1) of rule X of the Rules of the House of Representatives, are incorporated in the descriptive portions of this report.

### New Budget Authority and Tax Expenditures

Clause 3(c)(2) of rule XIII of the Rules of the House of Representatives is inapplicable because this legislation does not provide new budgetary authority or increased tax expenditures.

### Committee Cost Estimate

A Congressional Budget Office cost estimate was not available at the time of filing of this report. In compliance with clause 3(d) of Rule XIII of the Rules of the House of Representatives, the Committee estimates, based on informal estimations made available to it by CBO, that enacting H.R. 2266 would increase direct spending by approximately $20 million over the next ten years. Therefore, pay-as-you-go procedures apply. The Committee also expects, based on informal estimates by CBO, that enacting H.R. 2266 would increase revenues from quarterly U.S. Trustee filing fees by an amount sufficient to fully offset the increases in direct spending caused by the bill.

### Duplication of Federal Programs

No provision of H.R. 2266 establishes or reauthorizes a program of the Federal government known to be duplicative of another Federal program, a program that was included in any report from GAO to Congress pursuant to section 21 of Public Law 111–139, or a program related to a program identified in the most recent Catalog of Federal Domestic Assistance.

### Disclosure of Directed Rule Makings

The Committee estimates that H.R. 2266 specifically directs to be completed no specific rule makings within the meaning of 5 U.S.C. 551.

### Performance Goals and Objectives

The Committee states that pursuant to clause 3(c)(4) of rule XIII of the Rules of the House of Representatives, H.R. 2266 converts 14 temporary bankruptcy judgeships to permanent status, authorizes four new bankruptcy judgeships, and increases the U.S. Trustee's Quarterly Fees for large chapter 11 cases.

### Advisory on Earmarks

In accordance with clause 9 of rule XXI of the Rules of the House of Representatives, H.R. 2266 does not contain any congressional earmarks, limited tax benefits, or limited tariff benefits as defined in clause 9(e), 9(f), or 9(g) of rule XXI.

### Section-by-Section Analysis

The following discussion describes the bill as reported by the Committee.

*Section 1. Short Title.*

Section 1 sets forth the short title of the bill as the "Bankruptcy Judgeship Act of 2017."

*Section 2. Conversion of the Temporary Office of Bankruptcy Judge to the Permanent Office of Bankruptcy Judge in Certain Judicial Districts.*

Section 2(a) converts to permanent status the five temporary judgeships in the District of Delaware. Section 2(b) converts to per-

10

manent status the two temporary judgeships in the Southern District of Florida. Section 2(c) converts to permanent status the temporary bankruptcy judgeship for the District of Maryland. Section 2(d) converts to permanent status the temporary bankruptcy judgeship for the Eastern District of Michigan. Section 2(e) converts to permanent status the temporary bankruptcy judgeship for the District of Nevada. Section 2(f) converts to permanent status the temporary bankruptcy judgeship for the Eastern District of North Carolina. Section 2(g) converts to permanent status the two temporary bankruptcy judgeships for the District of Puerto Rico. Section 2(h) converts to permanent status the bankruptcy judgeship for the Eastern District of Virginia.

*Section 3. Permanent Office of Bankruptcy Judge Authorized.*

Section 3 amends section 152(a)(2) of title 28 of the United States Code to reflect the changes in temporary to permanent status as effectuated by section 2 of the bill. Also, section 3 authorizes two additional permanent bankruptcy judgeships for the District of Delaware, one additional permanent bankruptcy judgeship for the Eastern District of Michigan, and one additional permanent bankruptcy judgeship for the Middle District of Florida.

*Section 4. Bankruptcy Fees.*

Section 4(a) amends section 1930(a)(6) of title 28 of the United States Code to provide that the chapter 11 fee payable for a quarter in which a debtor's disbursements equal or exceed $1 million must be either one percent of such disbursements or $250,000, whichever is less, in a fiscal year unless the balance in the United States Trustee System Fund as of September 30 preceding such fiscal year exceeds $200 million.

Section 4(b) provides that, notwithstanding section 589a(b) of title 28 of the United States Code, for each of the fiscal years 2018 through 2012, 97.5 percent of the quarterly U.S. Trustee fees shall be deposited as offsetting collections to the United States Trustee System Fund and 2.5 percent of the quarterly U.S. Trustee fees shall be deposited in the general fund of the Treasury.

Section 4(c)(1) provides that section 4 takes effect on July 1, 2017, or the date of enactment, whichever is later, subject to subsection 4(c)(2). Section 4(c)(2) provides that section 4 applies to quarterly fees payable for any quarter that begins on or after the effective date of this legislation.

## Changes in Existing Law Made by the Bill, as Reported

In compliance with clause 3(e) of rule XIII of the Rules of the House of Representatives, changes in existing law made by the bill, as reported, are shown as follows (existing law proposed to be omitted is enclosed in black brackets, new matter is printed in italics, and existing law in which no change is proposed is shown in roman):

## TITLE 28, UNITED STATES CODE

\*     \*     \*     \*     \*     \*     \*

11

# PART I—ORGANIZATION OF COURTS

\* \* \* \* \* \* \*

## CHAPTER 6—BANKRUPTCY JUDGES

\* \* \* \* \* \* \*

**§ 152. Appointment of bankruptcy judges**

(a)(1) Each bankruptcy judge to be appointed for a judicial district, as provided in paragraph (2), shall be appointed by the court of appeals of the United States for the circuit in which such district is located. Such appointments shall be made after considering the recommendations of the Judicial Conference submitted pursuant to subsection (b). Each bankruptcy judge shall be appointed for a term of fourteen years, subject to the provisions of subsection (e). However, upon the expiration of the term, a bankruptcy judge may, with the approval of the judicial council of the circuit, continue to perform the duties of the office until the earlier of the date which is 180 days after the expiration of the term or the date of the appointment of a successor. Bankruptcy judges shall serve as judicial officers of the United States district court established under Article III of the Constitution.

(2) The bankruptcy judges appointed pursuant to this section shall be appointed for the several judicial districts as follows:

| Districts | Judges |
|---|---:|
| Alabama: | |
| Northern | 5 |
| Middle | 2 |
| Southern | 2 |
| Alaska | 2 |
| Arizona | 7 |
| Arkansas: | |
| Eastern and Western | 3 |
| California: | |
| Northern | 9 |
| Eastern | 6 |
| Central | 21 |
| Southern | 4 |
| Colorado | 5 |
| Connecticut | 3 |
| Delaware | [1] 8 |
| District of Columbia | 1 |
| Florida: | |
| Northern | 1 |
| Middle | [8] 9 |
| Southern | [5] 7 |

| Districts | Judges |
|---|---|
| Georgia: | |
| Northern | 8 |
| Middle | 3 |
| Southern | 2 |
| Hawaii | 1 |
| Idaho | 2 |
| Illinois: | |
| Northern | 10 |
| Central | 3 |
| Southern | 1 |
| Indiana: | |
| Northern | 3 |
| Southern | 4 |
| Iowa: | |
| Northern | 2 |
| Southern | 2 |
| Kansas | 4 |
| Kentucky: | |
| Eastern | 2 |
| Western | 3 |
| Louisiana: | |
| Eastern | 2 |
| Middle | 1 |
| Western | 3 |
| Maine | 2 |
| Maryland | [4] 5 |
| Massachusetts | 5 |
| Michigan: | |
| Eastern | [4] 6 |
| Western | 3 |
| Minnesota | 4 |
| Mississippi: | |
| Northern | 1 |
| Southern | 2 |
| Missouri: | |
| Eastern | 3 |
| Western | 3 |
| Montana | 1 |
| Nebraska | 2 |
| Nevada | [3] 4 |
| New Hampshire | 1 |
| New Jersey | 8 |

13

| Districts | Judges |
|---|---|
| New Mexico | 2 |
| New York: | |
| Northern | 2 |
| Southern | 9 |
| Eastern | 6 |
| Western | 3 |
| North Carolina: | |
| Eastern | [2] 3 |
| Middle | 2 |
| Western | 2 |
| North Dakota | 1 |
| Ohio: | |
| Northern | 8 |
| Southern | 7 |
| Oklahoma: | |
| Northern | 2 |
| Eastern | 1 |
| Western | 3 |
| Oregon | 5 |
| Pennsylvania: | |
| Eastern | 5 |
| Middle | 2 |
| Western | 4 |
| Puerto Rico | [2] 4 |
| Rhode Island | 1 |
| South Carolina | 2 |
| South Dakota | 2 |
| Tennessee: | |
| Eastern | 3 |
| Middle | 3 |
| Western | 4 |
| Texas: | |
| Northern | 6 |
| Eastern | 2 |
| Southern | 6 |
| Western | 4 |
| Utah | 3 |
| Vermont | 1 |
| Virginia: | |
| Eastern | [5] 6 |
| Western | 3 |
| Washington: | |

14

| Districts | Judges |
|---|---|
| Eastern | 2 |
| Western | 5 |
| West Virginia: | |
| Northern | 1 |
| Southern | 1 |
| Wisconsin: | |
| Eastern | 4 |
| Western | 2 |
| Wyoming | 1 |

(3) Whenever a majority of the judges of any court of appeals cannot agree upon the appointment of a bankruptcy judge, the chief judge of such court shall make such appointment.

(4) The judges of the district courts for the territories shall serve as the bankruptcy judges for such courts. The United States court of appeals for the circuit within which such a territorial district court is located may appoint bankruptcy judges under this chapter for such district if authorized to do so by the Congress of the United States under this section.

(b)(1) The Judicial Conference of the United States shall, from time to time, and after considering the recommendations submitted by the Director of the Administrative Office of the United States Courts after such Director has consulted with the judicial council of the circuit involved, determine the official duty stations of bankruptcy judges and places of holding court.

(2) The Judicial Conference shall, from time to time, submit recommendations to the Congress regarding the number of bankruptcy judges needed and the districts in which such judges are needed.

(3) Not later than December 31, 1994, and not later than the end of each 2-year period thereafter, the Judicial Conference of the United States shall conduct a comprehensive review of all judicial districts to assess the continuing need for the bankruptcy judges authorized by this section, and shall report to the Congress its findings and any recommendations for the elimination of any authorized position which can be eliminated when a vacancy exists by reason of resignation, retirement, removal, or death.

(c)(1) Each bankruptcy judge may hold court at such places within the judicial district, in addition to the official duty station of such judge, as the business of the court may require.

(2)(A) Bankruptcy judges may hold court at such places within the United States outside the judicial district as the nature of the business of the court may require, and upon such notice as the court orders, upon a finding by either the chief judge of the bankruptcy court (or, if the chief judge is unavailable, the most senior available bankruptcy judge) or by the judicial council of the circuit that, because of emergency conditions, no

location within the district is reasonably available where the bankruptcy judges could hold court.

(B) Bankruptcy judges may transact any business at special sessions of court held outside the district pursuant to this paragraph that might be transacted at a regular session.

(C) If a bankruptcy court issues an order exercising its authority under subparagraph (A), the court—

(i) through the Administrative Office of the United States Courts, shall—

(I) send notice of such order, including the reasons for the issuance of such order, to the Committee on the Judiciary of the Senate and the Committee on the Judiciary of the House of Representatives; and

(II) not later than 180 days after the expiration of such court order submit a brief report to the Committee on the Judiciary of the Senate and the Committee on the Judiciary of the House of Representatives describing the impact of such order, including—

(aa) the reasons for the issuance of such order;

(bb) the duration of such order;

(cc) the impact of such order on litigants; and

(dd) the costs to the judiciary resulting from such order; and

(ii) shall provide reasonable notice to the United States Marshals Service before the commencement of any special session held pursuant to such order.

(d) With the approval of the Judicial Conference and of each of the judicial councils involved, a bankruptcy judge may be designated to serve in any district adjacent to or near the district for which such bankruptcy judge was appointed.

(e) A bankruptcy judge may be removed during the term for which such bankruptcy judge is appointed, only for incompetence, misconduct, neglect of duty, or physical or mental disability and only by the judicial council of the circuit in which the judge's official duty station is located. Removal may not occur unless a majority of all of the judges of such council concur in the order of removal. Before any order of removal may be entered, a full specification of charges shall be furnished to such bankruptcy judge who shall be accorded an opportunity to be heard on such charges.

\*   \*   \*   \*   \*   \*   \*

# PART V—PROCEDURE

\*   \*   \*   \*   \*   \*   \*

## CHAPTER 123—FEES AND COSTS

\*   \*   \*   \*   \*   \*   \*

16

### § 1930. Bankruptcy fees

(a) The parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees:

    (1) For a case commenced under—
        (A) chapter 7 of title 11, $245, and
        (B) chapter 13 of title 11, $235.

    (2) For a case commenced under chapter 9 of title 11, equal to the fee specified in paragraph (3) for filing a case under chapter 11 of title 11. The amount by which the fee payable under this paragraph exceeds $300 shall be deposited in the fund established under section 1931 of this title.

    (3) For a case commenced under chapter 11 of title 11 that does not concern a railroad, as defined in section 101 of title 11, $1,167.

    (4) For a case commenced under chapter 11 of title 11 concerning a railroad, as so defined, $1,000.

    (5) For a case commenced under chapter 12 of title 11, $200.

    [(6) In] *(6) (A) Except as provided in subparagraph (B), in* addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first. The fee shall be $325 for each quarter in which disbursements total less than $15,000; $650 for each quarter in which disbursements total $15,000 or more but less than $75,000; $975 for each quarter in which disbursements total $75,000 or more but less than $150,000; $1,625 for each quarter in which disbursements total $150,000 or more but less than $225,000; $1,950 for each quarter in which disbursements total $225,000 or more but less than $300,000; $4,875 for each quarter in which disbursements total $300,000 or more but less than $1,000,000; $6,500 for each quarter in which disbursements total $1,000,000 or more but less than $2,000,000; $9,750 for each quarter in which disbursements total $2,000,000 or more but less than $3,000,000; $10,400 for each quarter in which disbursements total $3,000,000 or more but less than $5,000,000; $13,000 for each quarter in which disbursements total $5,000,000 or more but less than $15,000,000; $20,000 for each quarter in which disbursements total $15,000,000 or more but less than $30,000,000; $30,000 for each quarter in which disbursements total more than $30,000,000. The fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.

    *(B) In any fiscal year, the quarterly fee payable for a quarter in which disbursements equal or exceed $1,000,000 shall be 1 percent of such disbursements or $250,000, whichever is less, unless the balance in the United States Trustee System Fund as of September 30 immediately preceding such fiscal year exceeds $200,000,000.*

    (7) In districts that are not part of a United States trustee region as defined in section 581 of this title, the Judicial Conference of the United States may require the debtor in a case

17

under chapter 11 of title 11 to pay fees equal to those imposed by paragraph (6) of this subsection. Such fees shall be deposited as offsetting receipts to the fund established under section 1931 of this title and shall remain available until expended.

An individual commencing a voluntary case or a joint case under title 11 may pay such fee in installments. For converting, on request of the debtor, a case under chapter 7, or 13 of title 11, to a case under chapter 11 of title 11, the debtor shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, a fee of the amount equal to the difference between the fee specified in paragraph (3) and the fee specified in paragraph (1).

(b) The Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title.

(c) Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or a writ of certiorari $5 shall be paid to the clerk of the court, by the appellant or petitioner.

(d) Whenever any case or proceeding is dismissed in any bankruptcy court for want of jurisdiction, such court may order the payment of just costs.

(e) The clerk of the court may collect only the fees prescribed under this section.

(f)(1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

(2) The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).

(3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

\*       \*       \*       \*       \*       \*       \*

○