## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CLINTON NURSERIES, INC., | § | Case No.    17-31897 (JJT) |
| CLINTON NURSERIES OF | § | Case No.    17-31898 (JJT) |
| MARYLAND, INC., CLINTON | § | Case No.    17-31899 (JJT) |
| NURSERIES OF FLORIDA, INC., | § | Case No.    17-31900 (JJT) |
| and TRIEM LLC, | § | |
| | § | Jointly Administered Under |
| | § | Case No. 17-31897 (JJT) |
| | § | |
| Debtors. | § | |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO DETERMINE AMOUNT OF UNITED STATES TRUSTEE FEES PURSUANT TO 28 U.S.C. § 1930(a)(6) AS THE CAUSES OF ACTION THEREIN <u>MAY ONLY BE FILED AS AN ADVERSARY PROCEEDING</u>

William K. Harrington, the United States Trustee for Region 2, in his capacity as a federal official, 28 U.S.C. § 581(a)(2), objects to the *Debtors' Motion to Determine Amount of United States Trustee Fees Pursuant to 28 U.S.C. § 1930(a)(6)* ("Motion") and respectfully moves for the entry of an order denying the Motion and requiring any cause of action asserted in the Motion to be filed solely as an adversary proceeding. This Court should sustain the United States Trustee's objection because the Motion seeks relief that can only be sought through an adversary complaint under Rule 7001.

### SUMMARY

1.     In 2017, Congress amended 28 U.S.C. § 1930(a)(6) to increase temporarily the amount of quarterly fees to be collected in larger chapter 11 cases, those with quarterly disbursements of $1 million or more each quarter. The purpose of the 2017 amendment was to collect sufficient funds to fully offset congressional appropriations to the Justice Department to

fund the work of the United States Trustee Program, as well as the costs of 18 bankruptcy judgeships, so that ordinary taxpayers would not have to bear those costs of the bankruptcy system. This temporary fee increase was effective for disbursements made on or after January 1, 2018.

2. The Debtors ask this Court to find that: **(i)** the 2017 amendment to section 1930(a)(6) is unconstitutional; **(ii)** the amount of quarterly fees payable by the Debtors should be based on the pre-amendment version of the statute; and **(iii)** the United States Trustee should refund to the Debtors the difference between the fees paid under the 2017 amendment and the fees that would have been due under the pre-amendment statute. Motion at ¶ 5.

3. Nothing authorizes the Debtors to seek such relief by motion. Rather, Rule 7001 requires that actions seeking monetary relief, a determination of an interest in property, or declaratory relief relating to the recovery of money or property may only brought by adversary complaint. *See* Fed. R. Bankr. P. 7001(1), (2) & (9). Accordingly, this Court should deny the Motion and require any cause of action asserted therein to be filed as an adversary proceeding.

## FACTS

**I.    The Debtors File Chapter 11 Cases.**

4. The Debtors filed voluntary chapter 11 petitions on December 18, 2017.

5. This Court subsequently ordered that the Debtors' cases be jointly administered.

6. This Court also set a deadline of May 31, 2019, for the Debtors to file a disclosure statement and confirmable plan of reorganization, and of August 23, 2019, for the Debtors to obtain confirmation of a plan.

7. The Debtors filed a disclosure statement and plan of reorganization on June 7, 2019. Docket Nos. 717 & 718.

**II.    The Debtors Challenge the Quarterly Fees Due Under 28 U.S.C. § 1930(a)(6).**

8.    On April 17, 2019, the Debtors filed the Motion, which challenges the constitutionality of section 1930(a)(6)(B) of title 28 and an uncodified provision that applies section 1930(a)(6)(B) to all disbursements made on or after January 1, 2018.  28 U.S.C. § 1930(a)(6)(B); Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, § 1004(c) (uncodified). The 2017 amendment applies to post-January 1, 2018, disbursements made in this case.

9.    The Debtors request that this Court: **(i)** "find that the Debtors are not required to pay the US Trustee fees based on the amended schedule because, for among other reasons, the fee increase violates the United States Constitution for cases filed prior to October 1, 2018" (Motion at ¶ 5); **(ii)** "order that the Debtors were and are obligated to pay US Trustee fees, from the inception through the conclusion of these cases, under the pre-amendment fee structure" (*id*.); and **(iii)** order "that the US Trustee refund to the Debtors the difference in the fees paid under the post-amendment fee structure and the fees that [the Debtors believe] should have been paid under the pre-amendment fee structure" (*id*.).

### ARGUMENT

10.    This Court should deny the Motion because it seeks relief that can only be sought through an adversary proceeding under Bankruptcy Rule 7001(1), (2), and (9).

**I.    Rule 7001 Governs the Relief the Debtors Seek.**

11.    Rule 7001 defines "adversary proceedings" as including proceedings to: **(a)** "recover money or property," Fed. R. Bankr. P. 7001(1); **(b)** "determine the validity" of an "interest in property," Fed. R. Bankr. P. 7001(2); and **(c)** "obtain a declaratory judgment relating to any of the foregoing," Fed. R. Bankr. P. 7001(9).

12.    Here, the Debtors ask this Court to order the United States to pay it money (by seeking a "refund," Motion ¶ 5) and to "find" that the Debtors are not required to pay fees based

3

on the 2017 amendment because the fee increase is unconstitutional (*id*.). The Debtors thus seek to "recover money or property," Fed. R. Bankr. P. 7001(1), and to "obtain a declaratory judgment relating to . . . the foregoing," Fed. R. Bankr. P. 7001(9). *See Covert v. LVNV Funding, LLC*, No. DKC 13-0698, 2013 WL 6490318, at *5-6 (D. Md. Dec. 9, 2013) (rejecting argument that claims for violation of federal and state consumer laws were not "actions 'to recover money or property' under Rule 7001(1) because Plaintiffs do not seek to recover funds for the bankruptcy estate" but instead are seeking to recover damages); *In re DBSI, Inc.*, 432 B.R. 126, 130, 135 (Bankr. D. Del. 2010) (denying motion seeking declaration that creditor was entitled to certain funds because such declaratory relief "falls clearly within the types of proceedings specified by Bankruptcy Rule 7001 to be adversary proceedings"); *In re Viney*, 369 B.R. 392, 395 (Bankr. N.D. Ind. 2007) (rejecting motion by chapter 13 trustee for declaration regarding amount of monthly mortgage payments due creditor, holding adversary proceeding was required by Rule 7001).[1]

13.     The Debtors also seek to determine the validity of the government's "interest in property," Fed. R. Bankr. P. 7001(2), *i.e*., to adopt their view that they have overpaid quarterly fees because the 2017 amendment is unconstitutional. They must also seek that relief by filing a complaint commencing an adversary proceeding. *See NovaCare Holdings, Inc. v. Mariner Post-Acute Care Network, Inc. (In re Mariner Post-Acute Care Network, Inc.)*, 267 B.R. 46, 55

---

[1] *See also In re Sensibaugh*, No. 12-13546, 2015 WL 4664441, at *1 (N.D. Ind. July 21, 2015) (overruling objection to claim that "appear[ed] to be a request for some type of declaratory relief: a declaration that the claim has been paid in full. Rule 7001 of the Federal Rules of Bankruptcy Procedure requires an adversary proceeding to obtain such relief, Fed. R. Bankr. P. Rule 7001(9), otherwise the request should be denied"); *In re Carlton*, 437 B.R. 412, 425 (Bankr. N.D. Ala. 2010) (holding that chapter 13 plan providing that order of discharge was a determination that all mortgage defaults have been cured was an impermissible "attempt to furtively obtain a declaratory judgment" but "[s]uch relief cannot be granted under the Bankruptcy Rules except through an adversary proceeding with its attendant procedural safeguards").

(Bankr. D. Del. 2001) (noting that the Bankruptcy Rules require "any action to determine the extent, validity, or priority of any interest in property must be commenced by adversary proceeding, not by motion"); *In re Haedo*, 211 B.R. 149, 151, 153 (Bankr. S.D.N.Y. 1997) (requiring government to file adversary proceeding to determine interests in tax refund held by government).[2]

14. Through any lens, the Debtors' request seeks relief that can only be pursued through an adversary proceeding. Fed. R. Bankr. P. 7001(1), (2) & (9).

**II.    Rule 2020 Does Not Authorize the Debtors to Bypass Rule 7001's Requirements.**

15. Bankruptcy Rule 2020 provides that "[a] proceeding to contest any act or failure to act by the United States Trustee is governed by Rule 9014." Fed. R. Bankr. P. 2020. That Rule does not authorize the Debtors to seek either a refund or a declaration that a statute is unconstitutional by motion rather than through a properly filed and served adversary complaint. The relief the Debtors seek is not within the scope of Rule 2020. And even if Rule 2020 applies, it directs the Debtors to Rule 9014(a). In turn, Rule 9014(a) independently requires the Debtors seek the requested relief by filing a complaint as required by Rule 7001.

**A.    Rule 2020 does not apply.**

16. Rule 2020 contemplates proceedings to contest acts of the United States Trustee related to the administration of the case. *See* Fed. R. Bankr. P. 2020, Advisory Comm. Note; *see also* 2 Norton Bankr. L. & Prac. 3d § 26:18 ("U.S. Trustees have discretion in the performance

---

[2] *See also Benson v. IRS (In re Benson),* 64 B.R. 128, 129-30 (Bankr. W.D. Mo. 1986) (holding that "the character of" a request for an order relieving debtor of the duty to pay post-petition interest and penalties on a non-dischargeable pre-petition tax debt "is to determine entitlement to money or property within the meaning of Rule 7001(1), (9) of the Rules of Bankruptcy Procedure"), *rev'd on other grounds by United States v. Benson*, 88 B.R. 210 (W.D. Mo. 1988).

of administrative functions, but some of those functions are subject to judicial review" through "[t]he procedural vehicle" of Rule 2020).

17.     Rule 2020 does not apply here because the Debtors—in challenging the constitutionality of the 2017 amendment to section 1930(a)—are challenging an Act of Congress, not an act or failure to act by the United States Trustee.

18.     Moreover, the Motion seeks both prospective declaratory relief and an award of monetary relief against the United States—neither of which is within the scope of Rule 2020, as the Advisory Committee Note to the rule makes clear.  *See* Fed. R. Bankr. P. 2020, Advisory Comm. Note (1991) ("This rule . . . does not provide for advisory opinions in advance of the act."); 2 Norton Bankr. L. & Prac. 3d § 26:18 ("[T]he type of action contemplated in [Rule] 2020 is not one to obtain damages for a loss, but rather is in the nature of mandamus.").

19.     The Motion is nothing less than a lawsuit against the United States, which is not authorized by Rule 2020.  *See* 28 U.S.C. § 501 ("The Department of Justice is an executive department of the United States at the seat of Government."); 28 U.S.C. § 509 (vesting all powers of other officers of the Department of Justice, such as United States Trustees, in the Attorney General); 28 U.S.C. § 581 (authorizing Attorney General to appoint United States Trustees).

20.     The Debtors also must bring this proceeding by complaint because they seek the payment of money from the United States Treasury in the form of a refund of the amount they purport to have overpaid.  Motion at ¶ 5.  Title 28 of the United States Code requires any judgment to be paid by the Treasury of the United States—not the United States Trustee.  28 U.S.C. § 2414 (providing that the payment of judgments by a district court "shall be made on settlements by the Secretary of the Treasury").

21. The United States Trustee Program is funded by direct congressional appropriations to the Department of Justice—not directly from the United States Trustee System Fund (the "Fund"). Fees paid under section 1930 are deposited into the Fund, which the Treasury then uses to offset the congressional appropriations made to directly fund the Program through the Department's appropriation. *See* 28 U.S.C. § 589a(a) & (b); H.R. Rep. No. 115-130, at 7 (2017), *reprinted in* 2017 U.S.C.C.A.N. 154, 159-160.

22. Through this multi-step process, Congress seeks to ensure that the Program's costs are borne "by the users of the bankruptcy system—at no cost to the taxpayer." *See* H.R. Rep. No. 99-764, at 25 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5238; *see also id*. at 22.

23. The Debtors ignore Congress's placement of the System Fund in the Treasury. They also ignore that the requested relief would affect multiple governmental actors. Both facts place this proceeding beyond the scope of Rule 2020.

24. The Motion should also be denied because "[Rule] 2020 confers no substantive cause of action." 2 Norton Bankr. L. & Prac. 3d § 26:18. The government is unaware of any provision authorizing parties to obtain monetary relief—or a declaration designed to secure monetary relief—from the United States merely by motion absent express authorization, something that does not exist here.

**B.     Alternatively, even if it applies, Rule 2020 independently requires the Debtors to follow Rule 7001 to pursue the relief they seek.**

25. Alternatively, even if this Court were to find that Rule 2020 applies here, Rule 7001 would independently require the Debtors to file a complaint.

26. Rule 2020 provides that "[a] proceeding to contest any act or failure to act by the United States Trustee is governed by Rule 9014." Fed. R. Bankr. P. 2020.

27. Rule 9014(a) says that "[i]n a contested matter *not otherwise governed by these rules*, relief shall be requested by motion." Fed. R. Bankr. P. 9014(a) (emphasis added).

28. Thus, if a matter is "otherwise governed by these rules," *id.*, Rule 9014(a) does not require the relief to be requested by motion. Rather, by its express terms, Rule 9014(a) does not supersede other applicable rules.

29. As a result, because proceedings required to be filed as adversary complaints under Rule 7001 are "otherwise governed by these rules," Rule 9014(a) does not require that they be brought by motion. *See* 2 Norton Bankr. L. & Prac. 3d § 26:18 ("Rule 9014 . . . indicates that Rules 7001 et seq., concerning adversary proceedings, may be relevant.").

30. Nor is there any language in Rule 9014(a) that would permit a party to bring by motion an action that Rule 7001 mandates be brought by complaint. Rule 9014(a) does not provide an exemption from the requirements of Rule 7001.

31. Courts around the nation agree that the Rule 7001 "otherwise govern[s]" exception means that Rule 9014's procedures do not apply if Rule 7001 applies. *See In re Dziurgot-Farnsworth*, No. 14-10915, 2014 WL 7145712, at *2 (Bankr. D.R.I. Dec. 12, 2014) ("Rule 9014 states that in 'a contested matter not otherwise governed by these rules, relief shall be requested by motion.' This contested matter is governed by Rules 7001 *et seq.*, and the relief Armistead requests may not be pursued by motion."); *Kilbourne v. CitiMortgage, Inc. (In re Kilbourne)*, 507 B.R. 219, 223 (Bankr. S.D. Ohio 2014) ("Rule 9014 states that '[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion . . . .' Fed. R. Bankr. P. 9014. In turn, Rule 7001 lists the types of proceedings that are adversary proceedings, and therefore, are not governed by Rule 9014."); *In re Fisher*, No. 07-61338-11, 2008 WL 1775123, at *9 (Bankr. D. Mont. Apr. 15, 2008) ("F.R.B.P. 9014(a) allows relief to be requested

by motion in contested matters 'not otherwise governed by these rules.' Since Rule 7001(1) governs, Debtors' motion constitutes improper procedure to recover preferences."); *In re RFD, Inc.*, 211 B.R. 403, 408 (Bankr. D. Kan. 1997) ("[Rule 9014] implies . . . that a bankruptcy dispute is a contested matter unless it is presented in a procedural form otherwise governed by the rules. The only other procedural form of dispute presentation in the rules is an adversary proceeding under Fed. R. Bankr. P. 7001.").

32. As explained *supra* at ¶¶ 11-14, Rule 7001 requires this proceeding to be brought as an "adversary proceeding," and be commenced by complaint—not by motion. Rule 7001 thus "otherwise govern[s]" this proceeding and Rule 2020 does not authorize the Debtors to initiate this action against the United States by motion.

### III. Rule 7001 is Mandatory Because it Prevents Gamesmanship and Provides Important Procedural Protections.

33. Nothing in the text of Rule 2020 or its Advisory Note suggests that parties may escape Rule 7001 by adding "Trustee" after "United States" in a motion that seeks to strike down a federal statute. When a party wishes to wage a frontal assault on the constitutionality of a federal statute passed by Congress and duly signed by the President it must do so by complaint. Rule 2020 does not reward gamesmanship—such as seeking on shortened time a declaratory judgment about the statute's constitutionality and an order directing that the United States disgorge purportedly excessive funds, as the Debtors initially attempted to do here— by letting parties evade Rule 7001 when seeking to overturn actions of the President and Congress or obtain relief from the Treasury, merely by using the term "United States Trustee."

34. Instead, "when an adversary proceeding is required" under Rule 7001, "courts are not free to disregard the Rule." *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 236 (3d Cir. 2007). *See also Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746,

9

763 (5th Cir. 1995) ("Including a matter governed by Rule 7001 in another matter already before the court . . . does not satisfy the procedural rules required by Rule 7001."). As the Bankruptcy Appellate Panel of the Ninth Circuit has explained, "it is error for a bankruptcy court to determine property interests outside of an adversary proceeding." *Jahr v. Frank (In re Jahr)*, BAP No. EW–11–1538–MkHJu, 2012 WL 3205417, at *4 (B.A.P. 9th Cir. Aug. 1, 2012). And the Fourth Circuit reached an analogous conclusion, holding plan confirmation was not res judicata as to an issue that must be resolved in an adversary proceeding. *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92-93 (4th Cir. 1995); *see also Vieira v. AGM II, LLC (In re Worldwide Wholesale Lumber, Inc.)*, 372 B.R. 796, 807 (Bankr. D.S.C. 2007) (holding contested matter did not have preclusive effect as to actions that "could not have been at issue in the prior contested matter since these actions are matters that should be raised by an adversary proceeding").[3]

35. This is so because there are important differences between adversary proceedings and contested matters.

36. An adversary proceeding is nothing less than a traditional federal lawsuit. It imposes heightened procedural requirements and insists upon stronger procedural protections than a contested matter does. *Mansaray-Ruffin*, 530 F.3d at 234; *Zale Corp.*, 62 F.3d at 762-63. Unlike a contested matter, an adversary proceeding requires filing a complaint, serving a summons and a copy of the complaint on the defendant, and filing an answer. *Mansaray-Ruffin*, 530 F.3d at 234. These are not trivial requirements.

---

[3] This Court will have an opportunity to determine the amount of fees due in the context of plan confirmation. Under 11 U.S.C. § 1129(a)(12), the court can only confirm a plan if all fees payable under section 1930, "as determined by the court at the hearing on confirmation of the plan," have been paid or the plan provides for their payment. However, nothing in section 1129 authorizes a monetary award to the debtor for an alleged overpayment of fees. An action to recover money can only be brought as an adversary proceeding under Rule 7001(1).

10

37. For example, it is through service of the summons that the court acquires personal jurisdiction over the defendant. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Harding v. Williams Prop. Co.*, 163 F.3d 598 (Table), 1998 WL 637414, at *4 (4th Cir. Aug. 31, 1998) (same); *Peters v. Agents for Int'l Monetary Fund*, 918 F. Supp. 309, 311 (C.D. Cal. 1995) (holding court lacked personal jurisdiction over United States where summons was not served as required by federal rules).[4]

38. In addition, adversary proceedings allow the assertion of affirmative defenses and counterclaims, motion practice (such as motions for a more definite statement and to dismiss the proceeding), and the opportunity for more thorough discovery and trial preparation. *Mansaray-Ruffin*, 530 F.3d at 234; *In re Riding*, 44 B.R. 846, 858-59 (Bankr. D. Utah 1984).

39. And, in an adversary proceeding, the Debtors would need to establish their right to relief either through trial or through a motion for summary judgment in which they articulate what facts they believe are material and present evidence showing that those facts are undisputed. And in an adversary proceeding, the government would be able to file a motion to dismiss the proceeding, with litigation continuing only if, and only to the extent that, the complaint survived that motion.

40. By contrast, "[c]ontested matters are more informal than adversary proceedings, are initiated by motion (not by a complaint), and, unless the court directs otherwise, do not

---

[4] For a case against the United States, Bankruptcy Rule 7004 requires a copy of the summons and complaint to be sent to the United States Attorney for the district in which the action is brought, and the Attorney General of the United States, and, if the suit is against an agency, to the agency. Fed. R. Bankr. P. 7004(b)(4), (5); *see also* Fed. R. Civ. P. 4(i).

11

require a responsive pleading." *Mansaray-Ruffin*, 530 F.3d at 237. *See also Zale Corp.*, 62 F.3d at 762; *Worldwide Wholesale Lumber*, 372 B.R. at 809 (holding affirmative defenses and compulsory counterclaims are not required to be asserted in contested matters). Thus, "a motion comes before the court without the focus that results from the adversary proceeding's more formal pleading requirements and more structured pretrial process." *Ung v. Boni* (*In re Boni*), 240 B.R. 381, 385 (B.A.P. 9th Cir. 1999).

41. This relative informality is permitted because, as the Fifth Circuit has explained, "[c]ontested matter proceedings are generally designed for the adjudication of simple issues, often on an expedited basis." *Zale Corp.*, 62 F.3d at 763 (internal quotation omitted). The constitutional issues raised by the Debtors, however, are far removed from the kind of "simple issues" for which contested matter proceedings are appropriate. The Motion raises very serious issues, of great concern to the federal government, by asking this Court to invalidate a federal statute on a variety of grounds. Indeed, Congress takes such challenges so seriously that it requires by statute that, if the Attorney General were to decide not to defend the constitutionality of a statute, he or she must submit a report notifying Congress of that decision. 28 U.S.C. § 530D(a)(1)(B)(ii).

42. The structure, focus, and procedural protections provided by an adversary proceeding are especially important in the context of a constitutional challenge to a statute. Assessing the constitutionality of a duly enacted federal statute is among the most serious tasks courts undertake. Declaring the 2017 amendment unconstitutional would cast aside the hard work done by Congress and the Congressional Budget Office in analyzing the facts to determine what the United States budget required and whether the 2017 amendment met that requirement. Such a decision also would undermine the judgment of Congress and the President about the best

way to meet the funding needs of the bankruptcy system. It would discard the President's decision to sign a congressional enactment into law. Due consideration of these issues merits more than the informal proceeding of a contested matter. A party cannot act contrary to the express requirements of the rules, by suing the United States to set aside a congressional enactment, and seek a monetary award to boot, by merely filing a motion.

43.     An adversary proceeding ensures that the issues are thoroughly examined before this Court considers taking the extreme action of striking down an act of Congress. Accordingly, this Court should deny the Motion and require the Debtors to file an adversary proceeding in order to assert the causes of action against the government that they asserted in the Motion.

## CONCLUSION

For the foregoing reasons, the United States Trustee respectfully asks this Court to deny the Debtors' Motion, require the Debtors to assert any causes of action in the Motion in the form of an adversary proceeding, and grant any further relief that the Court deems proper.

DATED: June 17, 2019

                                                        Respectfully submitted,

                                                        WILLIAM K. HARRINGTON
                                                        UNITED STATES TRUSTEE FOR REGION 2

By:    /s/ *Kim L. McCabe*
            Kim L. McCabe
            Assistant United States Trustee
            Bar No. ct23661
            Department of Justice
            Office of the United States Trustee
            Giaimo Federal Building
            150 Court Street, Room 302
            New Haven, CT 06510
            Tel: (203) 773-2210
            Fax: (203) 773-2217
            Email: Kim.McCabe@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In re: § | Chapter 11 | |
| § | | |
| **CLINTON NURSERIES, INC.,** § | Case No. | 17-31897 (JJT) |
| **CLINTON NURSERIES OF** § | Case No. | 17-31898 (JJT) |
| **MARYLAND, INC., CLINTON** § | Case No. | 17-31899 (JJT) |
| **NURSERIES OF FLORIDA, INC.,** § | Case No. | 17-31900 (JJT) |
| **and TRIEM LLC,** § | | |
| § | **Jointly Administered Under** | |
| § | **Case No. 17-31897 (JJT)** | |
| § | | |
| **Debtors.** § | | |

**CERTIFICATE OF SERVICE**

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, the undersigned certifies that I sent copies of the United States Trustee's Objection to Debtors' Motion To Determine Amount Of United States Trustee Fees Pursuant To 28 U.S.C. § 1930(a)(6) As The Causes Of Action Therein May Only Be Filed As An Adversary Proceeding on June 17, 2019 on all appearing parties via the court's electronic filing system and by first class mail, postage prepaid on the parties listed in section 1 below.

1. **Parties Served Via First Class Mail, Postage Prepaid**

BMW Financial Services NA, LLC
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

William B. Freeman
Katten, Muchin and Rosenman LLP
515 S. Flower Street, Suite 1000
Los Angeles, CA 90071-2212

Kainen, Escalera & McHale, P.C.
Attn: Pres., GP., or Managing Member
21 Oak Street, Suite 601
Hartford, CT 06106

Elayna Z. Matthews
Saalfeld Griggs, PC
Park Place, Suite 200
250 Church St SE
Salem, OR 97301

Harold E. Nelson
Rhoades McKee PC
55 Campau Avenue NW
Suite 300
Grand Rapids, MI 49503

PFK O'Connor Davies, LLP
Attn: Managing Attorney
3001 Summer Street, 5th Floor
Stamford, CT 06095

1

McKinnon Nursery, Inc.
Attn: David McKinnon
13835 Butteville Road
Gervais, OR 97026

Ivy Acres, Inc.
Attn: Jim Andrews
1675 Edwards Avenue
Baiting Hollow, NY 11933

Nursery Supplies, Inc.
Attn: Ken Hebert, CFO
P.O. Box 664010
Dallas, TX 75266

Qualitree Propagators, Inc.
Attn: Deborah Woelders
51546 Ferry Road
Rosedale, BC
V0X 1X3 Canada

Bankcard Center
Attn: James Salisbury, VP
P.O. Box 4025
Alameda, CA 94501

ICS, Inc.
Attn: Tom Dickerson
1 Component Park
West Bridgewater, MA 02379

Harrell's
Attn: Pres. GP or Managing Member
P.O. Box 935358
Atlanta, GA 31193

Left Coast Logistics, LLC
Attn: Pres. GP or Managing Member
5775 SW Jean Road
Suite 215
Lake Oswego, OR 97035

John Carcieri & Associates, LLC
Attn: John Carcieri
220 E. Falmouth Highway
East Falmouth, MA 02536

Dutchmaster Nurseries, LTD
Attn: Pres. GP or Managing Member
3735 Sideline 16
Brougham, Ontario
L0H 1A0 Canada

Cottage Gardens
Attn: Robert Uchtman
4992 Middle Ridge Road
Perry, OH 44081

MacGuyver Media
Attn: Steven McKeon
6 South Llanwellyn Avenue
Glenolden, PA 19036

Berger Horticultural Products
Attn: Carole Delude
P.O. Box 656
Sulphur Springs, TX 75483

A.M. Leonard, Inc.
Attn: Pres. GP or Managing Member
P.O. Box 816
Piqua, OH 45356

HDS USA, LLC
Attn: Pres. GP or Managing Member
560 Deer Park Road
Huntington Station, NY 11746

Whittemore Perlite Co., Inc.
Attn: Jeffrey Sheehy
P.O. Box 3099
Andover, MA 01810

Pastanch, LLC
d/b/a New Christie Ventures
Attn: Chris DePaolo
31 Sheridan Drive
Naugatuck, CT 06770

BWI – Apopka
Attn: Pres. GP or Managing Member
P.O. Box 1328
Plymouth, FL 32768

CC Delivery Services, Inc.
Attn: Greg Chouljian
855 E Plant Street, Suite 1200
Winter Garden, FL 34787

Universal Forest Products
Attn: Pres. GP or Managing Member
P.O. Box 127
Stockertown, PA 18083

Airtec Sprayers, Inc.
Attn: Shana Warfield
P.O. Box 885
Winter Haven, FL 33882

East Jordan Plastics, Inc.
Attn: Dave Graham
P.O. Box 575
East Jordan, MI 49727

JRT Nurseries, Inc.
Attn: Pres. GP or Managing Member
2396 272nd Street
Aldergrove, BC
V4W 2R1 Canada

Terry Panter Nursery
Attn: Pres. GP or Managing Member
310 B. Panter Road
McMinnville, TN 37110

LM Farms, LLC
Attn: Jeff Kunovic
P.O. Box 772990
Chicago, IL 60677

Southern Wholesale Nursery
Attn: Russell Milstead
786 Northcutt Cove Road
McMinnville, TN 37110

Hoffman Nursery
Attn: John Hoffman
5520 Bahama Road
Rougemont, NC 27572

Anthony Tesselaar, USA, Inc.
Attn: Pres. GP or Managing Member
15200 Mansel Avenue
Lawndale CA 90260

Graco Fertilizer Company
Attn: Pres. GP or Managing Member
P.O. Box 89
Cairo, GA 39828

C.H. Robinson Worldwide, Inc.
Attn: Meghan Hughes
P.O. Box 9121
Minneapolis, MN 55480

Woodburn Nursery & Azaleas, Inc.
Attn: Pres. GP or Managing Member
13009 School Road NE
Woodburn, OR 97071

2. **Parties Served Via ECF**

Christopher H. Blau on behalf of Debtor Clinton Nurseries Inc.
cblau@zeislaw.com

Christopher H. Blau on behalf of Debtor Clinton Nurseries of Maryland, Inc.
cblau@zeislaw.com

Christopher H. Blau on behalf of Debtor Clinton Nurseries of Florida, Inc.
cblau@zeislaw.com

Christopher H. Blau on behalf of Debtor Triem LLC
cblau@zeislaw.com

Michael A. Carbone on behalf of Creditor Classic Home & Garden
mcarbone@znclaw.com

Daniel C. Cohn on behalf of Creditor Ann Richards
dcohn@murthalaw.com

Daniel C. Cohn on behalf of Creditor Warren Richards
dcohn@murthalaw.com

Michael R. Enright on behalf of Creditor Nalluru Murthy
menright@rc.com

Charles J. Filardi on behalf of Creditor Spring Meadow Nursery, Inc.
cfilardi@rrlawpc.com, umongrain@rrlawpc.com

Robert M. Fleisher on behalf of Official Committee of Unsecured Creditors
rfleischer@gs-lawfirm.com, ecf@ctnylaw.com

William B. Freeman on behalf of Creditor Bank of The West
bill.freeman@kattenlaw.com

Taruna Garg on behalf of Creditor Ann Richards
tgarg@murthalaw.com, mgarcia@murthalaw.com

Taruna Garg on behalf of Creditor Warren Richards
tgarg@murthalaw.com, mgarcia@murthalaw.com

Irve J. Goldman on behalf of Creditor Bank of The West
igoldman@pullcom.com, rmccoy@pullcom.com

Eric S. Goldstein on behalf of Creditor Stinchcomb Associates, Inc.
egoldstein@goodwin.com, bankruptcy@goodwin.com;
bankruptcyparalegal@goodwin.com

Evan S. Goldstein on behalf of Creditor Container Centralen, Inc.
egoldstein@uks.com

Carl T. Gulliver on behalf of Creditor Fishback Nursery, Inc.
cgulliver@coanlewendon.com

Eric A. Henzy on behalf of Debtor Clinton Nurseries Inc.
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Eric A. Henzy on behalf of Debtor Clinton Nurseries of Maryland, Inc.
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Eric A. Henzy on behalf of Debtor Clinton Nurseries of Florida, Inc.
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Eric A. Henzy on behalf of Debtor Triem LLC
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Christopher D. Hite on behalf of Creditor Reinaldo Rivera
christopherdhite@gmail.com

Joseph H. Huston on behalf of Creditor The Conard-Pyle Co., Inc. dba Star Roses & Plants
JHH@stevenslee.com

Robert E. Kaelin on behalf of Creditor Imperial Nurseries
rkaelin@murthalaw.com

Nancy B. Kinsella on behalf of Creditor Varilease Finance, Inc.
nkinsella@npmlaw.com

Mitchell J. Levine on behalf of Creditor Ford Motor Credit Company, LLC
MLevine@nairlevin.com

Patrick R. Linsey on behalf of Debtor Clinton Nurseries Inc.
plinsey@zeislaw.com, Kjoseph@zeislaw.com

Patrick R. Linsey on behalf of Debtor Clinton Nurseries of Maryland, Inc.
plinsey@zeislaw.com, Kjoseph@zeislaw.com

Patrick R. Linsey on behalf of Debtor Clinton Nurseries of Florida, Inc.
plinsey@zeislaw.com, Kjoseph@zeislaw.com

Patrick R. Linsey on behalf of Debtor Triem LLC
plinsey@zeislaw.com, Kjoseph@zeislaw.com

Ilan Markus on behalf of Creditor, Caterpillar Financial Services, Corporation
ilan.markus@leclairryan.com, kim.knicely@leclairryan.com

Martin A. Mooney on behalf of Creditor, Toyota Industries Commercial Finance, Inc.
ahight@schillerknapp.com, kcollins@schillerknapp.com; tshariff@schillerknapp.com

Joshua Pedreira on behalf of Creditor, The Conard-Pyle Co., dba Star Roses & Plants
jpedreira@cohenandwolf.com

Lucas Bennett Rocklin on behalf of Creditor Jane B. LaPrino
lrocklin@npmlaw.com. smowery@npmlaw.com

David C. Shufrin on behalf of Creditor Whittemore Company, Inc.
dshufrin@hssklaw.com, TMontalto@hssklaw.com; gvillella@hssklaw.com

Douglas S. Skalka on behalf of Creditor Varilease Finance, Inc.
dskalka@npmlaw.com, smowery@npmlaw.com; ecrafts@npmlaw.com;
npm.bankruptcy@gmail.com

Jeffrey M. Sklarz on behalf of Official Committee of Unsecured Creditors
jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com; mcraig@gs-lawfirm.com;
cfisher@gs-lawfirm.com

Suzanne B. Sutton on behalf of Creditor The Conard-Pyle Co., Inc. dba Star Roses & Plants
ssutton@cohenandwolf.com

Michael A. Tessitore on behalf of Creditor Container Centralen, Inc.
mtessitore@morankidd.com

Jay L Welford on behalf of Creditor Varilease Finance, Inc.
jwelford@jaffelaw.com, dgoldberg@jaffelaw.com; tcoughlin@jaffelaw.com

Latonia C. Williams on behalf of Creditor Stinchcomb Associates, Inc.
lwilliams@goodwin.com, bankruptcyparalegal@goodwin.com; bankruptcy@goodwin.com


Dated: June 17, 2019  Respectfully submitted,
      New Haven, CT  WILLIAM K. HARRINGTON
          United States Trustee, Region 2

          By:   /s/ *Kim L. McCabe*
                Kim L. McCabe /ct 23661
                Assistant United States Trustee
                150 Court Street, Room 302
                New Haven, CT 06510
                Telephone: 203.773.2210
                Facsimile: 203.773.2217
                Email: Kim.McCabe@usdoj.gov