# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | | | |
|---|---|---|---|
| In re: | § | Chapter 11 | |
| | § | | |
| **CLINTON NURSERIES, INC.,** | § | Case No. | **17-31897 (JJT)** |
| **CLINTON NURSERIES OF** | § | Case No. | **17-31898 (JJT)** |
| **MARYLAND, INC., CLINTON** | § | Case No. | **17-31899 (JJT)** |
| **NURSERIES OF FLORIDA, INC.,** | § | Case No. | **17-31900 (JJT)** |
| **and TRIEM LLC,** | § | | |
| | § | **Jointly Administered Under** | |
| | § | **Case No. 17-31897 (JJT)** | |
| | § | | |
| **Debtors.** | § | | |

## UNITED STATES TRUSTEE'S SUR-REPLY TO
## DEBTORS' REPLY TO UNITED STATES TRUSTEE'S OBJECTIONS TO
## MOTION TO DETERMINE AMOUNT OF UNITED STATES TRUSTEE FEES
## <u>PURSUANT TO 28 U.S.C. § 1930(a)(6)</u>

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
ROBERT J. SCHNEIDER, JR.
Trial Attorney

Department of Justice
Executive Office for United States
  Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
Tel:  (202) 307-1399
Fax: (202) 307-2397

WILLIAM K. HARRINGTON
United States Trustee, Region 2
KIM L. McCABE
Assistant United States Trustee
Bar No. ct23661

Department of Justice
Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
Tel:  (203) 773-2210
Fax: (203) 773-2217
Email: Kim.McCabe@usdoj.gov

William K. Harrington, the United States Trustee for Region 2, submits this sur-reply to respond to the issues and arguments raised by the *Debtors' Reply to United States Trustee's Objections to Motion to Determine Amount of United States Trustee Fees Pursuant to 28 U.S.C. § 1930(a)(6)* (the "Reply") [Docket No. 743] filed by Clinton Nurseries, Inc. ("CNI"), Clinton Nurseries of Maryland, Inc. ("CNM"), Clinton Nurseries of Florida, Inc. ("CNF"), and Triem LLC ("Triem," and collectively with CNI, CNM, and CNF, the "Debtors").  In support of this sur-reply, the United States Trustee respectfully states as follows:

## SUMMARY

The United States Trustee has previously responded to the Debtors' Motion to Determine Amount of United States Trustee Fees Pursuant to 28 U.S.C. § 1930(a)(6) (the "Motion") [Docket No. 672] in his objections to **(i)** the Debtors' seeking the requested relief by contested matter rather than adversary proceeding (the "Procedure Objection") [Docket No. 725], and **(ii)** the merits of the Debtors' constitutional challenge (the "Merits Objection") [Docket No. 726].

In the Reply, the Debtors raise four meritless procedural arguments.  **First**, the Debtors argue that filing their constitutional challenge as a contested matter was appropriate because Federal Rule of Bankruptcy Procedure 3012(a)(2) allows the bankruptcy court to determine the amount of a claim on motion of a party in interest.  That is wrong because quarterly fees assessed under 28 U.S.C. § 1930(a)(6)—like section 1930 court fees—are not "claims" that may be "allowed" under 11 U.S.C. §§ 502 or 503 and "determined" under Bankruptcy Rule 3012. **Second**, the Debtors argue that Federal Rule of Bankruptcy Procedure 2020 allows them to raise their constitutional challenge to the 2017 amendment to section 1930(a)(6) by motion because the United States Trustee sends them quarterly invoices requesting that they self-report their

1

quarterly disbursements and pay the concomitant fee as required by 28 U.S.C. § 1930(a)(6). That is wrong because the acts (or failure to act) that give rise to the Debtors' constitutional challenge were those of Congress and the Judicial Conference of the United States, not the United States Trustee. **Third**, the Debtors argue that Federal Rule of Bankruptcy Procedure 7001 does not apply to the relief requested in the Motion. That is wrong because they seek **(i)** a determination that the government improperly received, and thus does not have an interest in, the funds purportedly "overpaid" pursuant to section 1930(a)(6) as amended in 2017, **(ii)** a refund from the United States Treasury, and **(iii)** a declaratory judgment relating to the purported "overpayment" and requested refund. And **fourth**, the Debtors argue that, even if they should have sought relief by adversary proceeding, this Court should simply ignore the applicable Federal Rules of Bankruptcy Procedure and make believe that the Motion is actually a complaint. But the lower court decisions cited by the Debtors for this proposition are inapposite because they did not involve an action to recover money, whereas the decisions of the Circuit Courts of Appeals cited in the Procedure Objection required dismissal of motions filed where an adversary proceeding was required under Bankruptcy Rule 7001.

With regard to the merits of the Debtors' constitutional challenge, the Reply does not explain exactly what constitutional provisions the Debtors think were violated by the 2017 amendment to section 1930(a)(6). Instead, the Reply raises two meritless arguments. **First**, the Debtors speculate that the Judicial Conference's decision to assess fees under the amended fee schedule beginning on October 1, 2018, applicable to cases filed after that date was consistent with the Judicial Conference's understanding of the 2017 amendment and was not an *ultra vires* act. That hypothesis is contraindicated by the September 2018 report by the Judicial Conference Committee on the Administration of the Bankruptcy System in which it explained, a year after

the 2017 amendment was enacted, that it was acting in response to concerns raised by bankruptcy administrators that the United States Trustee districts were complying with the 2017 amendment while the bankruptcy administrator districts were not. And **second**, the Debtors argue that, by using the word "may" in 28 U.S.C. § 1930(a)(7), Congress granted the Judicial Conference the discretion to impose fees in whatever fashion it sees fit. Such a reading of the statute is not consistent with **(i)** the legislative intent behind section 1930(a)(7); **(ii)** the structure of section 1930; and **(iii)** section 1930(a)(7)'s text, which provides the Judicial Conference "may" only charges fees "equal to those imposed by paragraph [1930(a)](6)."

Given this, the United States Trustee respectfully requests that this Court deny the Debtors' Motion.

## I.      Sur-Reply to Procedural Arguments Raised in the Reply

### A.      Bankruptcy Rule 3012 is inapplicable.

The Debtors' reliance upon Fed. R. Bankr. P. 3012 in ¶¶ 5, 7, and 9 of the Reply is meritless because that rule has nothing to do with determining quarterly fees. Bankruptcy Rule 3012(a)(2) provides that "[o]n request by a party in interest . . . the court may determine . . . the amount of a claim entitled to priority under § 507 of the Code." But, there is a vast difference between a pre-petition creditors' 11 U.S.C. § 101(5) "claim"—the amount of which may be "allowed" by the bankruptcy court pursuant to 11 U.S.C. § 502 and "determined" pursuant to Rule 3012—and the array of fees mandated by section 1930 and the Miscellaneous Fee Schedule authorized by it. For example, the filing fees payable to the court under sections 1930(a)(1) through (5) are not a "claim." In the same way, quarterly fees assessed under 28 U.S.C. § 1930 are statutory fees rather than section 101(5) claims.

Quarterly fees are also not "administrative expenses" that may be "allowed" under 11

U.S.C. § 503. Bankruptcy Rule 3012(a)(2) refers to 11 U.S.C. § 507, and the only mention of quarterly fees in that section is in subsection 507(a)(2). There, Congress distinguished administrative expenses (which may be "*allowed*" under section 503) from quarterly fees and filing fees (which are "*assessed*" under section 1930). *See* 11 U.S.C. § 507(a)(2) (emphasis added). As a result, courts have long held that quarterly fees are not "administrative expense" claims subject to being "allowed" (or "determined") by the bankruptcy court, even though they share priority with such claims under 11 U.S.C. § 507(a)(2). *See, e.g.*, *Huisinga v. Carter (In re Juhl Enters., Inc.)*, 921 F.2d 800, 203 (8th Cir. 1990) ("Nothing in the statutes indicates that the Trustee's quarterly fees are synonymous with § 503(b) administrative expenses.").[1]

As quarterly fees are not "a *claim* entitled to priority under § 507," they are not subject to being "determined" under Bankruptcy Rule 3012(a)(2). *See* Fed. R. Bankr. P. 3012(a)(2) (emphasis added). So Bankruptcy Rule 3012 does not apply here.

**B.    The Debtors' issue is with Congress's 2017 enactment, which the President signed into law, not invoices mailed by the United States Trustee.**

Attempting to transform Bankruptcy Rule 2020 into a vehicle to overturn congressional statutes so they may recover funds belonging to the U.S. Treasury, the Debtors assert in ¶ 6 of the Reply that they "are contesting the actions of the U.S. Trustee" in mailing invoices to the Debtors. But, those "invoices" simply request that the Debtors self-report their quarterly

---

[1] *Accord U.S. Trustee v. Ste-Bri Enters., Inc.*, 579 B.R. 448, 455 (N.D. Ohio 2017) (holding that "[a]dministrative expenses are 'allowed' under the Code" whereas "fees and expenses are 'assessed,'" and also that "though administrative expenses are established under § 503(b) . . . quarterly fees are set forth in an entirely different statute"); *In re Jonick Deli Corp.*, 263 B.R. 196, 199 (S.D.N.Y. 2001) ("Quarterly fees are not administrative expenses[.]"); *Ross v. Kanaga (In re Darmstadt Corp.)*, 164 B.R. 465, 470 (D. Del. 1994) (holding that the statutory language of section 507 indicates that quarterly fees are not administrative expenses); *In re Atcall, Inc.*, 284 B.R. 791, 796 (Bankr. E.D. Va. 2002) (holding that "[a]dministrative expenses are expenditures that allow a chapter 11 debtor to operate" whereas "[f]ees and costs are different" in that "[t]hey are assessed, not allowed").

disbursements and then pay the requisite statutorily-mandated fee for that disbursement level in the amount assessed by Congress in section 1930(a)(6).  The United States Trustee has not directed the Debtors to do anything contrary to the 2017 amendment.  A quarterly fee is due in the amount that is authorized by Congress.  No mere invoice changes that.  Tellingly, even if no invoice is mailed, section 1930(a)(6) requires the Debtors to "pa[y]" quarterly fees in the amount established by section 1930(a)(6)(A) and (B), and the fee is "payable on the last day of the calendar month following the calendar quarter for which the fee is owed."  28 U.S.C. § 1930(a)(6)(A).

The Debtors' problem is not that they receive invoices from the United States Trustee reminding them to timely pay their statutorily-mandated fees; their problem is with the amount section 1930(a)(6), as amended, requires them to pay when they receive those invoices.  The Reply admits as much at ¶ 17:  "[A]s discussed in the motion, there is a problem with the law itself."

If the Debtors are trying to argue that the 2017 amendment imposes an excessive quarterly fee, the Debtors complain about an "act" of Congress, not the United States Trustee.  *See* Fed. R. Bankr. P. 2020 (applicable only to "any act or failure to act of the United States trustee").  To the extent that the Debtors' uniformity concerns arise from the Judicial Conference's belated decision to impose a quarterly fee that departs from the 2017 amendment and sections 1930(a)(6) and (7), they complain about an act or failure to act of the Judicial Conference, not the United States Trustee.  *Compare* Report of the Judicial Conference Committee on the Administration of the Bankruptcy System, at 20 (Sept. 2018) (attached to Motion as Exhibit B) (the "Judicial Conference's September 2018 Report") (addressing the Judicial Conference's decision to begin applying the amended fee schedule "beginning in the

first quarter of fiscal year 2019 (that is, for any chapter 11 case filed on or after October 1, 2018, and not for cases then pending)") *with* Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, § 1004(c), 131 Stat. 1224, 1232 (2017) (uncodified) ("The amendments made by this section shall apply to quarterly fees payable under section 1930(a)(6) of title 28, United States Code, as amended by this section, for disbursements made in any calendar quarter that begins on or after the date of enactment of this Act.").

Because the act giving rise to the Debtors' constitutional challenge is a law of Congress, Bankruptcy Rule 2020 is inapplicable.

### C. Bankruptcy Rule 7001(1), (2), and (9) all apply to the relief requested by the Debtors.

Contrary to the arguments in ¶¶ 7 through 9 of the Reply, the relief requested by the Debtors falls squarely within the scope of the relief that must comply with Rule 7001's requirements.[2]  The Motion does not comply with those requirements.

Bankruptcy Rule 7001(1) applies because, contrary to ¶ 7 of the Reply, the Debtors expressly seek a refund in the Motion.  *See* Motion at 2 ("The Debtors are requesting that the Court order that . . . the US Trustee refund to the Debtors the difference in the fees paid under the post-amendment fee structure and the fees that should have been paid under the pre-amendment fee structure."); *id.* at 18 ("[T]he Debtors respectfully request that the Court enter an

---

[2] Contrary to the argument in footnote 2 of the Reply, the government never conceded that the relief sought by the Debtors could be obtained by motion.  The 10-page limit of Local Bankruptcy Rule 9014-1(e) came into play not because the relief sought by the Debtor was properly sought by motion, but because it was erroneously sought by motion—which initiated a contested matter under Bankruptcy Rule 9014 (albeit improperly), which forced the government to limit its response to the pages authorized by Local Rule 9014-1(e).  Indeed, the United States Trustee sought leave to exceed the Local Rule 9014-1(e) 10-page limit specifically because the Motion was *not* properly brought as a contested matter.  Fed. R. Bankr. P. 9029(a)(1) (local rules must be "consistent with" the Bankruptcy Rules).

order . . . ordering the US Trustee to refund to the Debtors payments made in excess of the fees calculated on the [pre-2017 amendment fee schedule].").

Bankruptcy Rule 7001(2) also prohibits relief by motion because the Debtors seek to determine "the validity . . . or extent of . . . [an] interest in property."  Contrary to ¶ 8 of the Reply, Bankruptcy Rule 7001(2) is not limited to determining the validity, priority, or extent of liens.  *See* Fed. R. Bankr. P. 7001(2) (adversary proceedings include "a proceeding to determine the validity, priority, or extent of a lien *or other interest in property* . . . .") (emphasis added). The Debtors can only receive payment from the Treasury of the alleged "overpayment" of fees if they (rather than the government) have an interest in, and only to the extent they have an interest in, those funds.  That can only be determined through an adversary proceeding.

And Bankruptcy Rule 7001(9) applies because they seek a declaratory judgment relating to the extent to which the government can keep the ostensibly overpaid fees and their ability to obtain a refund of those fees from the Treasury.  "It is undisputed that the principal purpose of a declaratory judgment is to clarify and settle disputed legal relationships and to relieve uncertainty, insecurity and controversy."  *Broadview Chem. Corp. v. Loctite Corp*., 474 F.2d 1391, 1393 (2d Cir. 1973).  That is precisely what the Debtors seek to do by motion.  *See* Motion at ¶ 5 ("The Debtors are requesting that the Court find that the Debtors are not required to pay the US Trustee fees based on the amended schedule[.]"); *id*. ("The Debtors are requesting that the Court order that the Debtors were and are obligated to pay US Trustee fees, from the inception through the conclusion of these cases, under the pre-amendment fee structure[.]"); *id*. at 18 ("[T]he Debtors respectfully request that the Court enter an order determining that US Trustee fees payable by the Debtors in these cases will be calculated based on the pre-amendment 28 U.S.C. § 1930(a)(6) fee schedule[.]").

7

Contrary to the argument in ¶ 9 of the Reply, the Debtors did not make their constitutional arguments merely to bootstrap "their claim that the U.S. Trustee has overcharged the Debtors"; indeed, nowhere does the Motion argue that the Debtors were "overcharged" by the United States Trustee.  Instead, the Debtors argue throughout the Motion that Congress imposed an unconstitutional fee by enacting the 2017 amendment, and that the decision of the Judicial Conference to impose a fee different than the one directed by Congress renders the 2017 amendment unconstitutionally non-uniform.[3]

As the relief sought by the Debtors falls squarely within the kinds of relief required under Bankruptcy Rule 7001 to be brought by an adversary proceeding rather than by a contested matter, the Motion should be denied.

**D.     The Debtors cite to and misapply inapposite decisions to defend their Motion**.

This Court should reject the Debtors' invitation in ¶¶ 10 through 12 of the Reply to bypass mandatory rules requiring the Debtors to seek the requested relief through an adversary proceeding.  None of the handful of lower court decisions cited in ¶ 10 involved an action to recover money (from any source, much less the Treasury), so they are inapposite.  Indeed, the statement in *Wilborn v. Wells Fargo Bank, N.A. (In re Wilborn)*, relied on by the Debtors for the proposition that this Court can *sua sponte* convert a contested matter to an adversary proceeding,

---

[3] *See* Motion at 2 ("The Debtors are requesting that the Court find that the Debtors are not required to pay the US Trustee fees based on the amended schedule because, for among other reasons, the fee increase violates the United States Constitution for cases filed prior to October 1, 2018."); *id.* at 13 (arguing that the fact that the Judicial Conference chose to impose fees different from those required by the 2017 amendment renders the amendment "a non-uniform bankruptcy law and therefore unconstitutional as applied to debtors who filed cases in non-BA districts prior to October 1, 2018"); *id.* at 17 ("What Congress has done would force Chapter 11 debtors to support the vast majority of the US Trustee program operating budget[.]"); *id.* at 18 ("Congress may not charge Chapter 11 debtors fees based on a perceived ability to pay[.]").

was *dicta* because the action in that case actually had been filed as an adversary proceeding; the bankruptcy court even went so far as to hold that "Wells Fargo's suggestion that the Plaintiffs should have initiated a contested matter . . . instead of an adversary proceeding, is nonsense." 401 B.R. 872, 893 (Bankr. S.D. Tex. 2009). That case hardly supports the Debtors' position.[4]

It is hornbook law that a "proceeding to recover money . . . must . . . be prosecuted as an adversary proceeding, with its attendant procedural formalities and safeguards[.]" *Vanco Trading, Inc. v. Monheit (In re K Chem. Corp.)*, 188 B.R. 89, 98 (Bankr. D. Conn. 1995) (internal quotation marks omitted); *see also* 10 COLLIER ON BANKRUPTCY ¶ 7001.02 (16th ed. 2019) ("[A]ctions or proceedings for the recovery of money . . . will come within Rule 7001."). As a result, this Court should apply the Bankruptcy Rules as written, consistent with the decisions of the United States courts of appeals discussed in the Procedure Objection at ¶¶ 34 through 41. *See, e.g.*, *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 236 (3d Cir. 2007) ("[W]hen an adversary proceeding is required under Rule 7001(2), courts are not free to disregard the Rule"); *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 763 (5th Cir. 1995) ("Including a matter governed by Rule 7001 in another matter already before the court . . . does not satisfy the procedural rules required by Rule 7001.").

Because the relief sought by the Debtors can only be obtained through an adversary proceeding, the Motion should be denied.

---

[4] Recently, a bankruptcy court recognized that similar challenges to the section 1930(a)(6) quarterly fees sought relief that ordinarily must be brought by complaint. *In re Circuit City Stores, Inc.*, Case No. 08-35653, 2019 WL 3202203, at *3 (Bankr. E.D. Va. July 15, 2019). Despite the lack of a statute or rule expressly authorizing a court to convert a motion into a complaint, that court converted what had been a contested matter to an adversary proceeding. *Id.* at *4. The deadline to appeal that decision is July 29, 2019.

II.     **Sur-Reply to Merits Arguments Raised in the Reply**

A.     **The Judicial Conference's decision to begin implementing the 2017 amendment almost a full year after it was enacted, and then only as to cases filed after October 1, 2018, is inconsistent with the statute.**

The Debtors make naked guesses in ¶¶ 13 through 17 about the judiciary's reasons for not applying the 2017 amendment until long after its statutory effective date.  But there is no record explaining why bankruptcy administrators violated **(i)** the 2017 amendment, **(ii)** the Judicial Conference's 2001 directive; and **(iii)** section 1930(a)(7).[5]  Nothing in the 2017 amendment established October 1, 2018 as a trigger date to implement the amended fee schedule; that date is merely the start of the first calendar quarter after the Judicial Conference's belated recognition of the amendment.  And nothing in the 2017 amendment supports the Judicial Conference's decision to carve out cases pending as of October 1, 2018.  If the judiciary simply thought the 2017 amendment did not apply to pending cases, it presumably still would have applied the amended fee schedule to cases filed after the October 27, 2017 enactment date of the amendment.  It did not do so.

Plucking an October 1, 2018, trigger date out of the air and carving out pending cases also violated the Judicial Conference's 2001 Directive that quarterly fees assessed in bankruptcy administrator districts track those assessed under section 1930(a)(6) *as that statute is amended from time to time*.  The 2001 Directive was in effect on the 2017 amendment's October 26, 2017, enactment date as well as its January 1, 2018, effective date.  The judiciary's unexplained September 2018 decision to tie the assessment of the amended fee schedule to dates that have no relation to the statute does not render the 2017 amendment unconstitutional.  Nor does it comply

---

[5] By its express terms, the 2017 amendment applies to all "quarterly fees payable under section 1930(a)(6) . . . for disbursements made in any calendar quarter that begins on or after the date of enactment of this Act," with no restriction as to when the case was filed.  Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, § 1004(c), 131 Stat. 1224, 1232 (2017) (uncodified).

with section 1930(a)(7), which limits bankruptcy administrator fees to ones that are "equal" to those specified in the 2017 amendment.

**B.      The Debtors' argument that section 1930(a)(7) authorizes quarterly fees that differ from those assessed under section 1930(a)(6) misapplies the law.**

The Debtors' "lack of uniformity" argument is not based on any statute enacted by Congress; instead, it is based on the unexplained decision to assess fees in bankruptcy administrator districts in a way that differs from section 1930(a)(6).  In ¶¶ 16 and 17 of the Reply, the Debtors pin their hopes on the fact that, in 28 U.S.C. § 1930(a)(7), Congress used the word "may" instead of "shall" in authorizing the Judicial Conference to assess fees equal to those assessed under section 1930(a)(6).[6]  For the following reasons, that word cannot bear the weight the Debtors place on it.[7]  Section 1930(a)(7) only authorized fees that were "equal" to those charged under section 1930(a)(6).  It does not somehow grant discretion to charge lesser fees or impose them belatedly, which is what happened here.

*1.      The Debtors' interpretation is contrary to the legislative history of section 1930(a)(7).*

As a committee for the Judicial Conference acknowledged, section 1930(a)(7) was the result of the Judicial Conference's efforts "to seek legislation providing authority to collect chapter 11 quarterly fees in BA districts."  *See* Judicial Conference's September 2018 Report at 18.  In 1994, a divided panel of the Ninth Circuit held in *St. Angelo v. Victoria Farms, Inc.,* that

---

[6] The verb "may" is defined as "[t]o be permitted to," "[t]o be a possibility," and "is required to; shall; must."  *See May*, Black's Law Dictionary (11th ed. 2019).  "In dozens of cases, courts have held may to be synonymous with shall or must, usu[ally] in an effort to effectuate what is said to be legislative intent."  *Id.*

[7] These reasons also make apparent why *Circuit City*, where the bankruptcy court also appeared to overly rely on the term "may" in section 1930(a)(7), 2019 WL 3202203, at *2, was wrongly decided.

11

the bifurcated system under which United States Trustees administered bankruptcy cases and charged quarterly fees in 48 states, but bankruptcy administrators administered bankruptcy cases and did not charge quarterly fees in the other two states, violated the Bankruptcy Clause of the Constitution.  *See* 38 F.3d 1525, 1532 (9th Cir. 1994), *as amended by* 46 F.3d 969 (1995)*.*  In reaching that conclusion, the Ninth Circuit did not invalidate section 1930(a)(6); instead, it invalidated the statute that brought administrator districts into the U.S. Trustee Program based on the court's view that consolidation would happen too slowly.  *Id.*

To rectify that problem, and at the Judicial Conference's behest, Congress enacted section 1930(a)(7) to ensure that quarterly fees charged in bankruptcy administrator districts mirror those charged in United States Trustee districts.  *See* Federal Courts Improvements Act of 2000, Pub. L. No. 106-518, § 105, 114 Stat. 2410 (2000).  The Judicial Conference's September 2018 Report acknowledges this.  *See* Judicial Conference's September 2018 Report at 18 (stating that the 2000 amendment "add[ed] subsection (a)(7), permitting the Judicial Conference to impose fees in BA districts in amounts equal to those listed in 28 U.S.C. § 1930(a)(6)").

At the time section 1930(a)(7) was enacted, the Judicial Conference obviously interpreted section 1930(a)(7) as requiring assessment of the same fee as is assessed under section 1930(a)(6), because it issued its 2001 Directive requiring fees in bankruptcy administrator districts to automatically increase whenever section 1930(a)(6) is amended.  *See* Report of the Proceedings of the Judicial Conference of the United States at 46 (Sept./Oct. 2001), http://www.uscourts.gov/sites/default/files/2001-09_0.pdf (attached as Exhibit A to the Merits Objection) (stating that the 2000 amendment that enacted section 1930(a)(7) "authorize[d] the Conference to impose quarterly fees in chapter 11 cases in bankruptcy administrator districts comparable to those already being charged in United States trustee districts," and directing "that

such fees be imposed in bankruptcy administrator districts in the amounts specified in 28 U.S.C. § 1930, *as those amounts may be amended from time to time*") (emphasis added).

The 2001 Directive remained in effect when the amended fee schedule under section 1930(a)(6) became effective.  So, both federal law and the Judicial Conference's 2001 Directive required bankruptcy administrators to begin charging the fees mandated by the 2017 amendment in the first quarter of 2018.  The failure to do so does not justify invalidating Congress's 2017 amendment.

The 2001 Directive's interpretation of section 1930(a)(7) makes sense in light of the legislative history and purpose behind the statute; the Debtors' interpretation does not.  As section 1930(a)(7) was intended to *cure* the unconstitutional effect of disparate fees in different districts, the statute's express equality requirement cannot plausibly be read as *allowing for* the imposition of disparate fees in bankruptcy administrator districts.  Such an interpretation would frustrate, not advance, the purpose Congress sought to achieve by enacting section 1930(a)(7).

       2.     *The Debtors' interpretation is contrary to the structure of section 1930 as a whole.*

Congress' use of the word "may" in section 1930(a)(7) is consistent with the use of that word in another subsection of section 1930, which also closely cabin the discretion afforded to judicial branch personnel.

Subsection (b) of section 1930 provides that "[t]he Judicial Conference of the United States *may* prescribe additional fees in cases under title 11 *of the same kind as* the Judicial Conference prescribes under section 1914(b) of this title."  28 U.S.C. § 1930(b) (emphasis added).  Section 1914(b) of title 28, in turn, authorizes the Judicial Conference to prescribe fees in district court cases in addition to those set forth by Congress in section 1914(a).  The legislative history of the statute makes clear that, in enacting section 1930(b), "Congress

13

intended that filing fees in bankruptcy courts *be the same as those in other federal courts*."

*Merrill Trust Co. v. Red Barn, Inc. (In re Red Barn, Inc.)*, 23 B.R. 593, 595 (Bankr. D. Me. 1982) (citing legislative history) (emphasis added).

As a result, notwithstanding Congress' use of the word "may" rather than "shall," section 1930(b) does not grant the Judicial Conference the unfettered discretion to choose whether or not to assess the same fees in bankruptcy cases that it assesses in district court cases. Rather, section 1930(b) directs the Judicial Conference to *only* assess fees in bankruptcy cases that are "of the same kind" as are imposed in district court cases. By comparison, section 1930(a)(7) authorizes the Judicial Conference to assess fees "equal to," not "of the same kind as," those fees assessed under section 1930(a)(6)—so Congress has cabined the Judicial Conference's discretion even more tightly in section 1930(a)(7) than it did in section 1930(b).

Like subsection (b), subsection (a)(7) of section 1930 is mandatory, not discretionary, despite the presence of the word "may." The Debtors' contrary interpretation violates "the rule against superfluities," pursuant to which "[a] statute should be construed so that effect is given to all of its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]" *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (internal quotation marks omitted). If section 1930(a)(7) means that the Judicial Conference may, or may not, assess quarterly fees, and such fees may, or may not, equal those imposed under section 1930(a)(6), then the phrase "equal to those imposed by paragraph (6) of this subsection" would be rendered superfluous; the statute would only need to authorize the Judicial Conference to assess quarterly fees, period, to accomplish that.

In light of the foregoing analysis of the language and legislative history of section 1930(a)(7) and other subsections of section 1930 that describe what judicial branch personnel "may" do, it is clear that, when it comes to assessing fees, Congress' use of the word "may" is a

14

direction, not a suggestion.  As a result, the Debtors' interpretation of the statute cannot be correct.

### 3. The "may" in section 1930(a)(7) does not erase "equal" from the statute.

Finally, the Debtors ignore that "may" authorizes only fees that are "equal to those imposed by paragraph (6)" of section 1930(a).  28 U.S.C. § 1930(a)(7).  It does not authorize the bankruptcy administrator districts to charge lesser fees, charge them belatedly, or only charge them in some cases.  28 U.S.C. §§ 1930(a)(6), 1930(a)(7).

"Equal to those imposed by paragraph (6)" is a limiting phrase modifying the authority of the Judicial Conference to charge fees.  Similar limiting phrases on a court or party's authority to act are in the Bankruptcy Code.  For example, trustees "may" with court approval employ a "disinterested" bankruptcy professional  under section 327(a), and courts "may" award "reasonable compensation for actual, necessary services rendered by" those professionals under section 330(a)(1)(A).  The use of the term "may" does not give trustees discretion to employ someone who is *not* a disinterested person, nor the court discretion to allow reimbursement of compensation that are *not* reasonable, for services that are *not* actual.  So too here: section 1930(a)(7) doesn't give the Judicial Conference discretion to impose fees that are *not* equal to those imposed by section 1930(a)(6).

## CONCLUSION

For these reasons, the United States Trustee respectfully asks this Court to deny the Motion, require the Debtors to assert any causes of action in the Motion in the form of an adversary proceeding, and grant any further relief that the Court deems proper.

DATED: July 22, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2

By: _/s/ *Kim L. McCabe*_____
Kim L. McCabe
Assistant United States Trustee
Bar No. ct23661

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
ROBERT J. SCHNEIDER, JR.
Trial Attorney

Department of Justice
Executive Office for United States
 Trustees
441 G Street, N.W., Suite 6150
Washington, DC  20530
Tel:  (202) 307-1399
Fax: (202) 307-2397

WILLIAM K. HARRINGTON
United States Trustee, Region 2
KIM L. McCABE
Assistant United States Trustee

Department of Justice
Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510
Tel:  (203) 773-2210
Fax: (203) 773-2217
Email: Kim.McCabe@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| In re: | § | Chapter 11 | |
| | § | | |
| **CLINTON NURSERIES, INC.,** | § | **Case No.** | **17-31897 (JJT)** |
| **CLINTON NURSERIES OF** | § | **Case No.** | **17-31898 (JJT)** |
| **MARYLAND, INC., CLINTON** | § | **Case No.** | **17-31899 (JJT)** |
| **NURSERIES OF FLORIDA, INC.,** | § | **Case No.** | **17-31900 (JJT)** |
| **and TRIEM LLC,** | § | | |
| | § | **Jointly Administered Under** | |
| | § | **Case No. 17-31897 (JJT)** | |
| | § | | |
| **Debtors.** | § | | |

## CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, the undersigned certifies that I sent copies of the United States Trustee's Sur-Reply To Debtors' Reply to United States Trustee's Objection to Motion to Determine Amount Of United States Trustee Fees Pursuant To 28 U.S.C. § 1930(a)(6) on July 22, 2019 on all appearing parties via the court's electronic filing system and by first class mail, postage prepaid on the parties listed in section 1 below.

1. **Parties Served Via First Class Mail, Postage Prepaid**

BMW Financial Services NA, LLC
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

William B. Freeman
Katten, Muchin and Rosenman LLP
515 S. Flower Street, Suite 1000
Los Angeles, CA 90071-2212

Kainen, Escalera & McHale, P.C.
Attn: Pres., GP., or Managing Member
21 Oak Street, Suite 601
Hartford, CT 06106

Elayna Z. Matthews
Saalfeld Griggs, PC
Park Place, Suite 200
250 Church St SE
Salem, OR 97301

Harold E. Nelson
Rhoades McKee PC
55 Campau Avenue NW
Suite 300
Grand Rapids, MI 49503

PFK O'Connor Davies, LLP
Attn: Managing Attorney
3001 Summer Street, 5th Floor
Stamford, CT 06095

1

McKinnon Nursery, Inc.
Attn: David McKinnon
13835 Butteville Road
Gervais, OR 97026

Ivy Acres, Inc.
Attn: Jim Andrews
1675 Edwards Avenue
Baiting Hollow, NY 11933

Nursery Supplies, Inc.
Attn: Ken Hebert, CFO
P.O. Box 664010
Dallas, TX 75266

Qualitree Propagators, Inc.
Attn: Deborah Woelders
51546 Ferry Road
Rosedale, BC
V0X 1X3 Canada

Bankcard Center
Attn: James Salisbury, VP
P.O. Box 4025
Alameda, CA 94501

ICS, Inc.
Attn: Tom Dickerson
1 Component Park
West Bridgewater, MA 02379

Harrell's
Attn: Pres. GP or Managing Member
P.O. Box 935358
Atlanta, GA 31193

Left Coast Logistics, LLC
Attn: Pres. GP or Managing Member
5775 SW Jean Road
Suite 215
Lake Oswego, OR 97035

John Carcieri & Associates, LLC
Attn: John Carcieri
220 E. Falmouth Highway
East Falmouth, MA 02536

Dutchmaster Nurseries, LTD
Attn: Pres. GP or Managing Member
3735 Sideline 16
Brougham, Ontario
L0H 1A0 Canada

Cottage Gardens
Attn: Robert Uchtman
4992 Middle Ridge Road
Perry, OH 44081

MacGuyver Media
Attn: Steven McKeon
6 South Llanwellyn Avenue
Glenolden, PA 19036

Berger Horticultural Products
Attn: Carole Delude
P.O. Box 656
Sulphur Springs, TX 75483

A.M. Leonard, Inc.
Attn: Pres. GP or Managing Member
P.O. Box 816
Piqua, OH 45356

HDS USA, LLC
Attn: Pres. GP or Managing Member
560 Deer Park Road
Hunting Station, NY 11746

Whittemore Perlite Co., Inc.
Attn: Jeffrey Sheehy
P.O. Box 3099
Andover, MA 01810

2

Pastanch, LLC
d/b/a New Christie Ventures
Attn: Chris DePaolo
31 Sheridan Drive
Naugatuck, CT 06770

BWI – Apopka
Attn: Pres. GP or Managing Member
P.O. Box 1328
Plymouth, FL 32768

CC Delivery Services, Inc.
Attn: Greg Chouljian
855 E Plant Street, Suite 1200
Winter Garden, FL 34787

Universal Forest Products
Attn: Pres. GP or Managing Member
P.O. Box 127
Stockertown, PA 18083

Airtec Sprayers, Inc.
Attn: Shana Warfield
P.O. Box 885
Winter Haven, FL 33882

East Jordan Plastics, Inc.
Attn: Dave Graham
P.O. Box 575
East Jordan, MI 49727

JRT Nurseries, Inc.
Attn: Pres. GP or Managing Member
2396 272nd Street
Aldergrove, BC
V4W 2R1 Canada

Terry Panter Nursery
Attn: Pres. GP or Managing Member
310 B. Panter Road
McMinnville, TN 37110

LM Farms, LLC
Attn: Jeff Kunovic
P.O. Box 772990
Chicago, IL 60677

Southern Wholesale Nursery
Attn: Russell Milstead
786 Northcutt Cove Road
McMinnville, TN 37110

Hoffman Nursery
Attn: John Hoffman
5520 Bahama Road
Rougemont, NC 27572

Anthony Tesselaar, USA, Inc.
Attn: Pres. GP or Managing Member
15200 Mansel Avenue
Lawndale CA 90260

Graco Fertilizer Company
Attn: Pres. GP or Managing Member
P.O. Box 89
Cairo, GA 39828

C.H. Robinson Worldwide, Inc.
Attn: Meghan Hughes
P.O. Box 9121
Minneapolis, MN 55480

Woodburn Nursery & Azaleas, Inc.
Attn: Pres. GP or Managing Member
13009 School Road NE
Woodburn, OR 97071

3

2. **Parties Served Via ECF**

Christopher H. Blau on behalf of Debtor Clinton Nurseries Inc.
cblau@zeislaw.com

Christopher H. Blau on behalf of Debtor Clinton Nurseries of Maryland, Inc.
cblau@zeislaw.com

Christopher H. Blau on behalf of Debtor Clinton Nurseries of Florida, Inc.
cblau@zeislaw.com

Christopher H. Blau on behalf of Debtor Triem LLC
cblau@zeislaw.com

Michael A. Carbone on behalf of Creditor Classic Home & Garden
mcarbone@znclaw.com

Daniel C. Cohn on behalf of Creditor Ann Richards
dcohn@murthalaw.com

Daniel C. Cohn on behalf of Creditor Warren Richards
dcohn@murthalaw.com

Michael R. Enright on behalf of Creditor Nalluru Murthy
menright@rc.com

Charles J. Filardi on behalf of Creditor Spring Meadow Nursery, Inc.
cfilardi@rrlawpc.com, umongrain@rrlawpc.com

Robert M. Fleisher on behalf of Official Committee of Unsecured Creditors
rfleischer@gs-lawfirm.com, ecf@ctnylaw.com

William B. Freeman on behalf of Creditor Bank of The West
bill.freeman@kattenlaw.com

Taruna Garg on behalf of Creditor Ann Richards
tgarg@murthalaw.com, mgarcia@murthalaw.com

Taruna Garg on behalf of Creditor Warren Richards
tgarg@murthalaw.com, mgarcia@murthalaw.com

Irve J. Goldman on behalf of Creditor Bank of The West
igoldman@pullcom.com, rmccoy@pullcom.com

Eric S. Goldstein on behalf of Creditor Stinchcomb Associates, Inc.
egoldstein@goodwin.com, bankruptcy@goodwin.com;
bankruptcyparalegal@goodwin.com

Evan S. Goldstein on behalf of Creditor Container Centralen, Inc.
egoldstein@uks.com

Lawrence S. Grossman on behalf of Official Committee of Unsecured Creditors
LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com;ngolino@gs-lawfirm.com;mbuckanavage@gs-lawfirm.com

Carl T. Gulliver on behalf of Creditor Fishback Nursery, Inc.
cgulliver@coanlewendon.com

Eric A. Henzy on behalf of Debtor Clinton Nurseries Inc.
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Eric A. Henzy on behalf of Debtor Clinton Nurseries of Maryland, Inc.
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Eric A. Henzy on behalf of Debtor Clinton Nurseries of Florida, Inc.
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Eric A. Henzy on behalf of Debtor Triem LLC
ehenzy@zeislaw.com, kjoseph@zeislaw.com

Christopher D. Hite on behalf of Creditor Reinaldo Rivera
christopherdhite@gmail.com

Joseph H. Huston on behalf of Creditor The Conard-Pyle Co., Inc. dba Star Roses & Plants
JHH@stevenslee.com

Robert E. Kaelin on behalf of Creditor Imperial Nurseries
rkaelin@murthalaw.com

Nancy B. Kinsella on behalf of Creditor Varilease Finance, Inc.
nkinsella@npmlaw.com

Mitchell J. Levine on behalf of Creditor Ford Motor Credit Company, LLC
MLevine@nairlevin.com

Patrick R. Linsey on behalf of Debtor Clinton Nurseries Inc.
plinsey@zeislaw.com, Kjoseph@zeislaw.com

5

Patrick R. Linsey on behalf of Debtor Clinton Nurseries of Maryland, Inc.
plinsey@zeislaw.com, Kjoseph@zeislaw.com

Patrick R. Linsey on behalf of Debtor Clinton Nurseries of Florida, Inc.
plinsey@zeislaw.com, Kjoseph@zeislaw.com

Patrick R. Linsey on behalf of Debtor Triem LLC
plinsey@zeislaw.com, Kjoseph@zeislaw.com

Ilan Markus on behalf of Creditor, Caterpillar Financial Services, Corporation
ilan.markus@leclairryan.com, kim.knicely@leclairryan.com

Martin A. Mooney on behalf of Creditor, Toyota Industries Commercial Finance, Inc.
ahight@schillerknapp.com, kcollins@schillerknapp.com; tshariff@schillerknapp.com

James J. Moriarty on behalf of Debtor Clinton Nurseries Inc.
jmoriarty@zeislaw.com, MMKrouzil@zeislaw.com

James J. Moriarty on behalf of Debtor Clinton Nurseries of Maryland, Inc.
jmoriarty@zeislaw.com, MMKrouzil@zeislaw.com

James J. Moriarty on behalf of Debtor Clinton Nurseries of Florida, Inc.
jmoriarty@zeislaw.com, MMKrouzil@zeislaw.com

James J. Moriarty on behalf of Debtor Triem, LLC
jmoriarty@zeislaw.com, MMKrouzil@zeislaw.com

Joshua Pedreira on behalf of Creditor, The Conard-Pyle Co., dba Star Roses & Plants
jpedreira@cohenandwolf.com

Lucas Bennett Rocklin on behalf of Creditor Jane B. LaPrino
lrocklin@npmlaw.com, smowery@npmlaw.com

David C. Shufrin on behalf of Creditor Whittemore Company, Inc.
dshufrin@hssklaw.com, TMontalto@hssklaw.com; gvillella@hssklaw.com

Douglas S. Skalka on behalf of Creditor Varilease Finance, Inc.
dskalka@npmlaw.com, smowery@npmlaw.com; ecrafts@npmlaw.com;
npm.bankruptcy@gmail.com

Jeffrey M. Sklarz on behalf of Official Committee of Unsecured Creditors
jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com; mcraig@gs-lawfirm.com;
cfisher@gs-lawfirm.com

Suzanne B. Sutton on behalf of Creditor The Conard-Pyle Co., Inc. dba Star Roses & Plants
ssutton@cohenandwolf.com

Michael A. Tessitore on behalf of Creditor Container Centralen, Inc.
mtessitore@morankidd.com

Jay L Welford on behalf of Creditor Varilease Finance, Inc.
jwelford@jaffelaw.com, dgoldberg@jaffelaw.com; tcoughlin@jaffelaw.com

Latonia C. Williams on behalf of Creditor Stinchcomb Associates, Inc.
lwilliams@goodwin.com, bankruptcyparalegal@goodwin.com; bankruptcy@goodwin.com


Dated: July 22, 2019                          Respectfully submitted,
       New Haven, CT                          WILLIAM K. HARRINGTON
                                              United States Trustee, Region 2

                               By:      /s/ *Kim L. McCabe*
                                        Kim L. McCabe /ct 23661
                                        Assistant United States Trustee
                                        150 Court Street, Room 302
                                        New Haven, CT 06510
                                        Telephone: 203.773.2210
                                        Facsimile: 203.773.2217
                                        Email: Kim.McCabe@usdoj.gov

7